Tarver *vs.* Rankin.

No. 34.—MILTON J. TARVER, plaintiff in error, *vs.* ANDREW RAN-KIN, defendant in error.

[1.] Some general rules stated, respecting writs of error and bills of exception.

[2.] Where two judgments are obtained in different courts, by the same plaintiff against the same defendant, for the same cause of action, a satisfaction of either may be shown, on motion made for that purpose, in discharge of the other.

[3.] A receipt for money may be explained by parol testimony, when there has been imposition practiced in the giving of it, and any facts may be proved at law, which if true would entitle the party to relief in equity.

[4.] Parol satisfaction of a judgment may be shown, even when the payment was for a less sum than the whole amount due, provided it was actually received and accepted in full discharge of said judgment.

Certiorari. From Muscogee Inferior to the Superior Court. Tried before Judge ALEXANDER. May Term, 1847.

· For the facts of the case, and points made and decided below, see the opinion delivered by the Supreme Court.

JONES, BENNING & JONES, and HINES HOLT, for the defendant in error, made the following points :

1. A promissory note is extinguished by a judgment upon it, *Story Prom. Notes, sec.* 407. A judgment on a note in one State is a good bar to an action on it in another State. *Story Conflict sec.* 609 ; *Story on Const. secs.* 1297 *to* 1307.

2. A defence which might have been made at law, but was not made, cannot be used even in equity, after judgment at law. *Ware* vs. *Harwood,* 14 *Ves.* 29 ; *Curtis* vs. *Smallridge,* 1 *Chan. Cas.* 43 ; *Bateman* vs. *Willoe,* 1 *Scho. & Lef.* 201 ; *2 Story Eq. secs.* 895 *a,* 896.

3. Parol evidence will not be received to vary a written instrument. *Rogers* vs. *Atkinson,* 1 *Kelly* 18.

4. A receipt of a less sum in discharge of a greater, is no discharge of the greater unless evidenced by a writing under seal. *2 Greenleaf Ev., Accord Satisfaction.*

5. In answer to a certiorari, the original on record may be returned, and in some cases must be returned, 1 *Tidd* 403, 397, according to its exigency.

And also in a writ of error upon diminution alleged, the transcript may be amended in the higher court by the record of the lower

court, the clerk of the lower court attending with the record for that purpose.   1 *Tidd* 714.

But by our act of 1799, (*Prince* 432,) the original bill of exceptions ought to be presented to the judge, with the petition for certiorari, and therefore ought to be filed with such petition in the Superior court.  At all events such original is no part of the record of the case below, but is first filed above.  2 *Tidd* 864 ; *Gardner* vs. *Baillie,* 1 *Bos. & Pull.* 32.

*By the Court.*—LUMPKIN, J., delivering the opinion.

Andrew Rankin, the defendant in error, obtained judgment in the Inferior Court of Muscogee County, against Milton J. Tarver, the defendant in error, upon a partnership note given by the firm of Moore & Tarver, for $588 27 principal, $64 interest, and $13 12½ costs.  Subsequently Rankin got judgment in the Circuit Court of Russell County, Alabama, against both partners for the same debt.  A *capias ad satisfaciendum* was issued on the Georgia judgment, under which Tarver was arrested, and at the February Term, 1847, of the Inferior Court of Muscogee County, he moved a rule against Rankin, requiring him to show cause why the judgment and *ca. sa.* against him should not be satisfied, and he set at liberty, upon the ground that he had, on the 1st day of December, 1846, settled the Alabama judgment for the same cause of action. Upon this Rankin took issue, and the same was submitted to a jury.  Tarver tendered in evidence the exemplification of the suit in Alabama, for the purpose of showing that it was for the same cause of action.  Grigsby E. Thomas, Esquire was then offered as a witness, and the following receipt exhibited to him :

" Andrew Rankin *vs.* Moore & Tarver—judgment in Russell Circuit Court.  'Received of *Grigsby E. Thomas* three hundred dollars, in full satisfaction of the above stated judgment, this 25th December, 1846, *in compromise of the judgment, but not to affect any other.*                    JOSEPHUS ECHOLS, plaintiff's Attorney."

Thomas testified that the foregoing paper had been executed and delivered to him as the agent of Tarver, by said Echols as Rankin's attorney ; that the words *underscored* in the receipt had been added a few days after the same had been given, under the following circumstances : Thomas met Echols and requested him

to substitute his name for that of " *the defendant*," originally inserted in the body of the instrument, and subjoin " *in compromise of the above judgment*." Echols took the paper and did as he was requested, but added also, " *but not to affect any other*." Witness protested against it, but said that it could make no difference, as there was no other case. Echols replied that there was another, and that Tarver had been arrested upon it in Muscogee County. That they both might be founded upon the same notes, but that if it were so, he had a legal advantage in the case, and meant to avail himself of it. Witness then said that he would not take the paper upon such terms. Echols answered, that if he would not receive it in its present form, he should not have it at all. Witness then demanded a return of the $300, which Echols refused to surrender. Witness upon reflection took the receipt. Tarver next proved that Echols was the attorney of Rankin in both suits, and closed his testimony. None was introduced by Rankin.

Rankin objected to the exemplification from Alabama, and being overruled, he excepted to the decision. He requested the Court to charge the jury that the testimony of Thomas explanatory of the receipt, was inadmissible, which the Court refusing to do, he excepted. He prayed the Court to charge the jury that the receipt of a sum of money in payment of the judgment, less than the whole amount thereof, was no satisfaction of the judgment, unless the same was evidenced by writing under seal, or of record. The Court refused to give the instructions as asked, whereupon Rankin by his counsel excepted.

The jury found for Tarver, and the Court thereupon ordered the judgment and *ca. sa.* to be entered satisfied. Rankin sued out a writ of *certiorari* upon the several exceptions herein before set forth. At May Term, 1847, of Muscogee Superior Court, Judge Alexander presiding, the *certiorari* came on to be heard, when Tarver suggested a diminution of the record, in this, that the clerk of the Inferior court had not, as directed by the statute, certified in the transcript sent up by him, the exceptions which were tendered in the Inferior court. Judge Alexander overruled this suggestion, whereupon Tarver by his counsel excepted.

Tarver then refused to join issue upon the assignment of errors, as tendered him by Rankin, upon the ground that the record as certified by the clerk of the Inferior court, did not authorize the said assignment. But the Court held that the assignment was regular; whereupon Tarver excepted.

Tarver *vs.* Rankin.

Issue was then taken on said assignment, and after argument, the Circuit Court adjudged that the *certiorari* should be sustained upon all of the grounds therein taken, to wit:

1st. That the Inferior Court erred in permitting the paper purporting to be an exemplification from the Circuit Court of Russell County, Alabama, to be read in evidence.

2d. In refusing to charge the jury, that the testimony of Grigsby E. Thomas was inadmissible for the purpose of explaining the receipt given to witness by Echols as the attorney of Rankin.

3d. In refusing to charge, that the acceptance by plaintiff in judgment from the defendant of a sum of money less than the amount of said judgment, although purporting to be in full satisfaction thereof, was nevertheless no discharge, unless evidenced by a writing under seal, or of record.

And to the rulings of the Court upon these points, exceptions were taken, and on these the questions for our consideration arise.

The plaintiff in error asks a reversal of those judgments below, both on account of his own application to arrest the *certiorari* being refused, and the Circuit Court having sustained said *certiorari* on each of the grounds therein taken.

A bill of exceptions is an appeal from the judgment or [1.] direction of an inferior court. It is founded on matter of law, or on a point of law arising out of a matter of fact not denied, as for example, as to the competency of witnesses, the admissibility of evidence, overruling a challenge, refusing a demurrer to evidence, &c. On tendering the bill, if the exceptions therein are truly stated, the judges ought to set their seals, in testimony that such exceptions were taken at the trial. In England this is done under the authority of 13 *Edw.* I. *c.* 31. The present proceeding is under the 54th section of the Judiciary Act of 1799. *Prince* 432. If the bill contain matter false, or untruly stated, or matters wherein the party was not overruled, the judges of course are not obliged to affix their seals; for that would be to command them to attest a falsity. If the bill be returned "*quod non ita est,*" the party may have an action against the judge for a false return. After the seal of the judge has been affixed thereto, the truth of the matters therein contained cannot afterwards be called in question. A writ of error or *certiorari* is next brought, to remove the proceedings from the inferior to the higher court. The bill of exceptions is no part of the record below, until acted upon in, and sent back from, the appellate court. The *original*, therefore, is to be sent up,

together with the transcript of the record, as constituting the proceedings in the cause below. And this is to be done by the clerk of the court below; and nothing can be examined by the appellate court except what is transmitted in this way.

I have made these general observations upon the first two grounds taken by Tarver in his bill of exceptions, esteeming it of importance for the sake of harmony and the proper administration of the law, that right rules should be established in regard to the correspondence and communication, between courts for the correction of errors and inferior tribunals. As it is always, however, more satisfactory to have a determination upon the merits, I leave these matters of form, and proceed to examine the decision upon the *certiorari.*

[².] And the main question to be considered here is, whether Rankin, having distinct judgments for the same debt, one in Georgia, against Milton J. Tarver, and the other in Alabama, against Moore & Tarver, shall have satisfaction of both, or whether the payment of one shall extinguish the other ?

Where there are distinct judgments against different defendants, for the same debt, it is not pretended but that all are extinguished by the satisfaction of any one of them. 1 *Bailey R.* 140.

And that the payment of a debt, although it be made by one who is not a party to the contract, and although the assent of the debtor to such payment does not appear, is nevertheless an extinguishment of the demand. 1 *Port. R.* 423.

Again, it is not controverted, that where judgment is obtained in another court, in an action brought upon the first judgment, that a satisfaction of either will extinguish the other. 1 *Cow. R.* 178.

Further still, it has been held that where two suits are brought in different courts at the same time for the same cause of action, and proceed *pari passu* to judgment and execution, a satisfaction of either judgment may be shown upon *audita querela* in discharge of the other. *Bowne* vs. *Joy*, 9 *Johns. R.* 221.

We can see no difference in principle whether the suits proceed *pari passu*, or whether one is instituted subsequently to the other. In both there are two judgments against the same individual, founded each upon the original cause of action, and not one upon the other. And we are quite clear that in neither case, indeed I might say in *no case*, shall the creditor have double payment. The law cannot be converted into the instrument of such injustice. Suppose a plaintiff were to force an officer to pay his execution

Tarver *vs.* Rankin.

on account of his neglect to make the money, could he turn round afterwards and collect the amount from the defendant? Surely not; for, whatever rights the sheriff might have on the score of reimbursement, the plaintiff could have no further claims on the debtor. And is it possible because he has obtained two judgments for the same cause of action in different States, that he shall be entitled to collect both?

It is well settled that the pendency of a suit in another State, or a *foreign* court, by the same plaintiff against the same defendant, for the same cause of action, is no stay or bar to a new suit brought elsewhere. 12 *Johns. R.* 99; 3 *Wend.* 262; 1 *Johns. Cas.* 345. How dangerous, then, the predicament of the defendant in all such cases, if peradventure judgments are obtained in both forums, and he is compelled to render satisfaction to all?

A judgment is only considered as additional security *for,* but is of itself no satisfaction *of* the debt. That still exists. The two judgments, therefore, were only extending the security. In cases of rent, the law gives a double remedy for the recovery of the same debt—the one against the person of the debtor, the other by distress warrant. So in case of a bond and mortgage, a judgment of foreclosure will not preclude the mortgagee from his action on the bond. 2 *Binney R.* 146. But in all such cases, was it not seriously supposed that where satisfaction was obtained upon one security, or in the prosecution of one remedy, that the demand itself was not discharged?

On the whole, the opinion of the Court is, that the payment to Echols by Thomas, if an actual satisfaction of the Alabama judgment, was an extinguishment of the Georgia judgment, except as to the costs.

It follows that the Inferior Court was right in admitting in evidence the exemplification of the proceedings in the Circuit Court of Russell County, Alabama; for the identity of the cause of action in both cases could be proved in no other way.

As to the admissibility of the testimony of Thomas, it would [3.] seem to be justified upon every consideration. *Receipts* are an exception to the general rule that extrinsic verbal evidence is not admissible to contradict or alter a written instrument. They are only *prima facie* and not conclusive evidence of the facts acknowledged upon their face, and hence those facts which they recite may be contradicted by oral proof. There is a limit, however, to this

exception; for in many respects receipts are to be treated like all other written contracts.

In *Fuller* vs. *Crittenden*, 9 *Conn. R.* 401, many of the cases upon this subject are reviewed, and the result declared to be, that such circumstances as would lead a court of equity to set aside a contract, (*e. g.* fraud, mistake, or surprise,) may be shown at law to destroy the effect of a receipt.

*Straton* vs. *Rastall*, 2 *T. R.* 366, in 1788, is the first English case in which it was decided that a receipt might be contradicted. Other cases soon followed, but the British courts have settled down upon the rule laid down by Williams, J. in the Connecticut case, namely, that if the receipt is given with a full knowledge of all the circumstances, there being no misapprehension, fraud, or imposition, parol evidence cannot be received to contradict, alter, add to, or diminish it. *Alner* vs. *George*, 1 *Camp. R.* 392; *Bristow et. al.* vs. *Eastman*, 1 *Esp. R.* 172.

For the purpose of showing that a receipt for money is not conclusive, but open to explanation to show a mistake, fraud or imposition in obtaining it, see 1 *Johns. Cas.* 145; 2 *Johns. R.* 378; 3 *id.* 320; 5 *id.* 68; 8 *id.* 304; 9 *id.* 310; 2 *Mill. R.* 140; 2 *McCord R.* 320; 4 *Ohio R.* 434.

The testimony of Thomas brings this case fully within the principle of these authorities, and was therefore competent.

[4.] It only remains to examine briefly the third ground in the *certiorari*, to wit, that the sum paid being less than the whole amount of the judgment, is no satisfaction thereof unless evidenced by writing under seal, or of record. And this objection is founded upon the spirit of the ancient and somewhat technical principle, *eodem modo quo oritur, eodem modo dissolutur.* That no specialty can be avoided but by an instrument of as high a nature, and that a judgment being a security of the highest character, cannot by this technical rule of the common law, be avoided by a writing, not under seal nor of record. Indeed this doctrine goes further. Mr. Buller in his *Nisi Prius* 152, citing 2 *Lev.* 144, *Ca. K. B.* 538, 1 *Mod.* 259, says that it is well settled that a discharge of any contract after it is broken, or of a debt that is due, which is to have operation by its own validity without any regard to the consideration upon which it was made, must be by a writing under seal.

In these latter days the same veneration is not felt for seals as was formerly; nor is the distinction between sealed and unsealed instruments so rigidly observed. We apprehend, however, that

this difficulty may be obviated without disturbing the doctrine here stated. There is a distinction between an accord and satisfaction which is *executed*, and *executory* only. Were this an attempt to merge the higher judgment security into a *less*, the principle might apply.

In *Sewall* vs. *Sparrow* 16 *Mass. R.* 24, this distinction was fully recognised, and the Supreme Court of that State held, *that though a judgment could not be avoided by a writing not under seal,* whereby the creditor agrees not to sue the debtor, yet where one Sewall having recovered judgment against Thatcher & Webster, in consideration of the payment of $1,410, just one half of the debt by Thatcher, agreed not to levy execution on his private property, but only on the partnership effects ; and Thatcher dying insolvent, the commissioners rejected Sewall's claim—it was held that he could not maintain an action of debt against the administrator.

In *Brown* vs. *Feeter*, 7 *Wend. R.* 301, the Supreme Court of New-York held, that where a party agrees to accept a specific article of property in payment of a judgment, *and it is delivered and accepted,* such an acceptance is an appropriation in satisfaction, in judgment of the law.

Can it make any difference whether it be a specific article of property, or a certain sum of money, provided it is agreed to be received in satisfaction of the judgment, and is in fact *delivered* and *accepted ?* We think not.

Judgment reversed.