## 2622.    COPELAND *v.* MONTGOMERY.

1. While an accord and satisfaction will result where, in case of a dispute between the parties, the one tenders and the other accepts a check reciting that it is in payment in full of the particular demand, yet, unless the written contract or memorandum so fully discloses what transaction is involved as to cut off parol inquiry, under the parol-evidence rule, it is competent for the parties to show that the contemplated settlement fell through because of the failure of one of the parties to perform an agreement which he made in connection with the transaction.

2. The verdict, though apparently against the weight of the evidence, is supported by some of the testimony, and this court can not overrule the discretion of the trial judge in refusing a new trial.

DECIDED JANUARY 31, 1911.

Complaint; from city court of Cairo—Judge Singletary.    April 1, 1910.

*R. C. Bell,* for plaintiff in error.    *M. L. Ledford,* contra.

POWELL, J.    Montgomery had sold Copeland certain machinery for the price of $500.    Certain payments were made, reducing the amount to about $225.    $150 of this remainder was to be paid by Copeland's shipping to Montgomery a car-load of shingles of that value.    Montgomery wished the shingles delivered to him at Stringer, Fla., and claimed that this was the contract as to them. Copeland claimed that Montgomery had instructed him to ship the shingles to Metcalfe, Fla., and that he, therefore, so shipped them.    With the shingles thus at Metcalfe and Montgomery wishing them at Stringer, and with some dispute as to how much was due on the paper, the parties came together for a settlement. Copeland's version of the settlement was that Montgomery agreed to take $73.59 in settlement of the balance due him, without any condition as to what should be done about getting the shingles to Stringer from Metcalfe, and that he paid him the $73.59 by a check which contained on the face of it the statement, "payment for masheen in full."    Montgomery's contention was that although this check was delivered to him with this on the face of it, yet it was delivered and accepted as the balance due after allowing for the shingles which Copeland then and there agreed to have shipped from Metcalfe and delivered at Stringer.    Copeland, it seems, made some effort to get the railroad company to ship the shingles, but it appears that they were finally sold by the railroad company for demurrage, and were never received by Montgomery.    The two

issues in the case were, (1) whether the check was given in settlement of all differences, including Copeland's alleged liability due to having misshipped the shingles, or was given as a payment of the balance that would be due after deducting what would be allowed to Copeland for his delivery (as then promised) of the shingles at Stringer; (2) was Copeland, in attempting to have the shingles shipped from Metcalfe to Stringer, after the date of the giving of this check, acting as agent of Montgomery and merely as a matter of accommodation, or was he carrying out a contract which he had undertaken to perform? The jury solved these issues in favor of Montgomery, and there was some evidence upon which the verdict can be supported. Copeland's contention that the recital in the check (that it was given in payment of the machinery) can not be contradicted is, under the facts of the case, not well taken. Standing alone as a written contract, it would be too indefinite and unintelligible to be enforceable without the aid of explanation. The expression, "payment for masheen in full," too meagerly describes the transaction to which it relates to cut off resort to parol. This being so, it was competent for Montgomery to show that it represented merely the payment of the remainder that would be due when Copeland performed the promise which he had undertaken of seeing that the shingles were transferred from Metcalfe to Stringer. To state it slightly differently, Montgomery's suit is really based upon Copeland's failure to perform this other contract, which, in connection with the check, superseded the former contract for the purchase of the machinery.

*Judgment affirmed.*