### 3974.   EDWARDS BOTTLING WORKS *v.* JARNAGIN & WRIGHT.

1. "An agreement by a creditor to receive less than the amount of his debt can not be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration."

2. The evidence offered by the defendants in support of their plea of accord and satisfaction was wholly insufficient for the purpose, and, in connection with the evidence for the plaintiffs, demanded a verdict in behalf of the latter for the full amount sued for.

DECIDED MAY 22, 1912.

Certiorari; from Warren superior court—Judge Walker. January 6, 1912.

*L. D. McGregor,* for plaintiffs.  *M. L. Felts,* for defendants.

HILL, C. J.   1. Suit was brought by the Edwards Bottling Works against Jarnagin & Wright, on an open account, and the defendants relied upon the following facts to prove accord and satisfaction: The attorney for Jarnagin & Wright testified, that when the partnership of Jarnagin & Wright was dissolved, he endeavored to secure a settlement of the claims against them, on the basis of 25 per cent., with the exception of the claim of the Edwards Bottling

Works, the plaintiffs; that he offered them by letter a settlement of their claim for 25 per cent., enclosing in the letter a check for that much (it not appearing what the amount of the check was), and stating in the letter that if the creditors did not see fit to reply to the letter within four or five days, the writer would conclude that they had accepted the check in payment of their claim against Jarnagin & Wright. The letter was not replied to, nor has the check ever been returned or paid. This attorney also testified that he subsequently offered to pay the plaintiffs 40 cents on the dollar, which offer was refused. The plaintiffs denied receiving any letter as testified to by the attorney for the defendants, but said that if they had received it they would have 'declined the offer, as they did decline the offer to accept 40 cents on the dollar. This was all the evidence. The jury in the justice's court where the suit was tried returned a verdict for the defendants, and on certiorari the superior court sustained the verdict.

Even if the facts as testified to by the attorney for the defendants were admitted, they fail to show an accord and satisfaction. "An agreement by a creditor to receive less than the amount of his debt can not be pleaded as an accord and satisfaction, unless it be actually executed by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." Civil Code (1910), § 4329; *Stewart v. Langston,* 103 *Ga.* 290 (30 S. E. 35). But even if this principle of law was not controlling, the jury in the justice's court clearly had the right to believe the testimony of the plaintiffs, that they had never received the letter containing the check. *Hamilton* v. *Stewart,* 108 *Ga.* 476 (34 S. E. 123). Besides, there was no proof that the check, even if it had been received, was ever paid, and it is well settled that a check is not payment of a debt until it is itself paid, unless expressly so agreed. *Parker-Fain Grocery Co.* v. *Orr,* 1 *Ga. App.* 631 (57 S. E. 1074); *Watt-Harley-Holmes Hardware Co.* v. *Day,* 1 *Ga. App.* 646 (57 S. E. 1033). It is only where there is a dispute as to the amount due, and one party tenders and the other accepts the check reciting that it is in payment in full of a demand, and the check is subsequently paid, that the reception and retention of a check can be set up as accord and satisfaction. *Copeland* v. *Montgomery,* 8 *Ga. App.* 633 (70 S. E. 30).

2. There was no evidence that the check had ever been received, or paid, or accepted in full settlement, and there was no dispute as to the amount of the account. Indeed, construing the defendants' evidence most strongly in their favor, when considered in connection with the plaintiffs' evidence, a verdict was demanded for the plaintiffs, and the judge of the superior court should have sustained the certiorari and remanded the case for another trial.

*Judgment reversed.*