21228. STAPLES *v.* GROWERS FINANCE CORPORATION.

BELL, J. 1. In this suit upon a note, to which the defendant pleaded accord and satisfaction, there being no evidence whatever to show that the individual with whom the defendant made the alleged agreement of accord was in any sense the agent or representative of the plaintiff, or that the plaintiff ratified the agreement in any way, there was no issue to be submitted to the jury as to the making of such accord.

2. Where the maker of a note delivered to the attorney for the payee, who held the note for collection, a check payable to the attorney for less than the amount of the note, though bearing upon its face a recital to the effect that it was intended as payment in full, but where there was never any dispute or contention between the maker and the payee; or between the maker and the plaintiff's attorney or any other agent of the plaintiff, as to the amount due upon the note (the attorney not being the individual referred to in the preceding paragraph), and where there was no actual agreement that the payee would accept the check as a satisfaction, the mere acceptance and collection of the check by the plaintiff's attorney did not amount to a settlement or an accord and satisfaction, nor prevent the plaintiff from maintaining suit to recover the balance due on the note. *Alfred Struck Co. v. Slicer,* 23 *Ga. App.* 52, 55 (97 S. E. 455) ; *Riley* v. *London Guaranty &c. Co.,* 27 *Ga. App.* 686 (1 c) (109 S. E. 676) ; *Fineman* v. *Hardin,* 29 *Ga. App.* 571 (116 S. E. 216) ; *Edwards Bottling Works* v. *Jarnagin,* 11 *Ga. App.* 162 (74 S. E. 1004) ; *Richardson* v. *Seibert,* 38 *Ga. App.* 76 (142 S. E. 755) ; *Armour Fertilizer Works* v. *Wynne Mercantile Co.,* 40 *Ga. App.* 842 (151 S. E. 671) ; *Burgamy* v. *Holton,* 165 *Ga.* 384 (3) (141 S. E. 42).

3. Under the above rulings, the defendant failed as a matter of law to establish the defense pleaded, and the court properly directed the verdict in favor of the plaintiff.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED DECEMBER 21, 1931.

*Smith & Millican,* for plaintiff in error.
*Boykin & Boykin,* contra.