26976. BANKERS HEALTH AND LIFE INSURANCE
COMPANY v. MIDDLETON.

Decided October 1, 1938. Rehearing denied November 3, 1938.

*Bennet & Peacock, Turpin & Lane,* for plaintiff in error.
*J. W. Smith, Farkas & Burt,* contra.

Felton, J. James O. Middleton Jr. sued the Bankers Health and Life Insurance Company upon a life-insurance policy issued to James O. Middleton Sr., naming the plaintiff as the beneficiary. The application was signed by the plaintiff and was not a part of the policy. The petition alleged that the insurance company had paid plaintiff the amount of the premiums paid on the policy, and that he had accepted a draft therefor and had signed a receipt acknowledging payment in full of all sums due under the policy, but that he was not bound by the settlement because it was procured by the fraud of the insurance company consisting of the false statement by the manager of the Albany office that Dr. N. R. Thomas had informed the manager that the father of petitioner was suffering from high blood pressure and heart disease at the time of the application. A tender of the uncashed draft for the amount of the premiums was alleged to have been made to the company and it was tendered into court. The jury found for the plaintiff for the face amount of the policy, damages, and attorney's fees. The exception is to the order refusing the insurance company a new trial and the order overruling certain demurrers.

1. The plaintiff had a right to rely on the representations of the insurance agent as to the material fact in question to wit: that Dr. Thomas made the statement attributed to him. *Deibert* v. *McWhorter,* 34 *Ga. App.* 803 (132 S. E. 110), and cit.; *Atlanta Life Insurance Co.* v. *Walker,* 53 *Ga. App.* 80, 85 (184 S. E. 776). This is not one of the cases where there was a misrepresentation as to a question of law or as to the physical facts as available to one party as to the other, relied upon by the plaintiff in error, such as *Howard* v. *Georgia Home Insurance Co.,* 102 *Ga.* 137 (29 S. E. 143); *Bankers Health & Life Ins. Co.* v. *Givens,* 43 *Ga. App.* 43

(157 S. E. 906); *Interstate Life & Accident Ins. Co.* v. *Wilson*, 52 *Ga. App.* 171 (183 S. E. 672). The principle that one will not be excused for not reading a contract he signs is not applicable to the facts in this case because the fact alleged to have been misrepresented was not related to what the contract contained. While it is true that the policy in this case would not have been void simply because there was a misrepresentation of a material fact in the application (because it would have to appear that it was fraudulently made, the application not being part of the policy and the policy providing that in the absence of fraud representations were not to be warranties), yet the fact that plaintiff unwittingly misrepresented the facts as to his father's health might have influenced him to sign the accord and satisfaction agreement. There was no error in overruling the general demurrer to the petition as amended. The evidence authorized the verdict for principal, damages, and attorney's fees.

2. The law in this State is that where one accepts a sum conceded to be due him on a claim, though it is less than the amount claimed and which lesser sum would be due him in any event, the bona fide dispute concerning the larger sum is sufficient consideration for the agreement to accept the smaller sum in full settlement. *Riley* v. *London Guaranty & Accident Co.,* 27 *Ga. App.* 686 (109 S. E. 676); *Interstate Life & Accident Insurance Co.* v. *Wilson*, supra. However, where there is fraud in the procurement of the agreement in accord and satisfaction it is not binding. Where the amount paid in accord and satisfaction is conceded to be due the plaintiff in any event, if the settlement is attacked for fraud, it is not necessary to tender back the amount paid. See cases cited in *Atlanta Life Insurance Co.* v. *Walker,* supra. The distinction between the cases where tender is a prerequisite to suit and those where it is not is important. If the question as to whether the plaintiff is entitled to the amount received in the settlement attacked for fraud, or any other sum, is to be determined by the outcome of the suit then the tender is a prerequisite. If the plaintiff is entitled to the amount received in the settlement, regardless of the outcome of the suit, it is not. The reason is that the law will not require a person to pay over to the defendant a sum of money which is his in any event in order that a judgment may be rendered in plaintiff's favor for that very amount of money. In this case

no tender was proved, but the petition alleged tender into court and it will be presumed that such was made. If it was not made, the court is in control of the draft and can direct its disposition or the defendant can stop payment on it to protect itself. These last two statements are made solely because the verdict was for the full amount of the policy.

3. There was no error in failing to submit to the jury the question as to whether the insured had been treated by a physician within five years of the date of the application. The answer of the insurance company did not allege that the false representations alleged to have been made in the application were fraudulently made, and the evidence as to treatment of the insured was admissible on the question as to whether he had heart trouble at the time of the application, in which event there would have been no liability, so the failure to make that necessary allegation could not have been aided by verdict. *Georgia Brewing Association* v. *Henderson,* 117 *Ga.* 480 (43 S. E. 698). The charge of the court was overwhelmingly in favor of the defendant, because it charged that if the insured had any of the ailments named in the policy at the time of the application the plaintiff could not recover. The court should have charged that such would not void the policy unless the alleged false statements in the application were fraudulently made. *Metropolitan Life Insurance Co.* v. *Busby,* 42 *Ga. App.* 802 (157 S. E. 354); *Metropolitan Life Insurance Co.* v. *Cooper,* 54 *Ga. App.* 192 (187 S. E. 167); *National Health & Accident Insurance Co.* v. *Williams,* 53 *Ga. App.* 677 (187 S. E. 145); *Bankers Health & Life Insurance Co.* v. *Hamilton,* 56 *Ga. App.* 569 (193 S. E. 477).

4. There is no merit in any of the other assignments of error. The above rulings control the assignments of error on the demurrers. *Judgment affirmed. Sutton, J., concurs.*

STEPHENS, P. J., concurs in the judgment.