## SYLVANIA ELECTRIC PRODUCTS INC. *v.* ELECTRICAL WHOLESALERS INC.

No. 14969.   JANUARY 13, 1945.   REHEARING DENIED FEBRUARY 9, 1945.

*Douglas, Evans & Cole,* for plaintiff.

*Chalmers, Jackson, Garner & Sasseville,* for defendant.

DUCKWORTH, Justice. (After stating the foregoing facts.) The following represents the opinion of the majority of this court, from which I dissent in part, and I do not concur in the judgment of reversal, for reasons shown in my dissenting opinion.

It has been many times ruled, where no question was involved as to an agreement by a creditor, that the acceptance by him of an amount less than the indebtedness, would be, or was actually, agreed to be taken in full satisfaction thereof, that the acceptance by a creditor of a sum, less than the amount of an unliquidated debt, remitted by the debtor with notice that it is in full satisfaction of the debt, will not constitute an implied accord and satisfaction unless a dispute as to the correctness of the amount of the debt shall have existed previously to the tender. *Copeland* v. *Montgomery,* 8 *Ga. App.* 633 (70 S. E. 30); *Edwards Bottling Works* v. *Jarnagin,* 11 *Ga. App.* 162, 163 (74 S. E. 1004); *Staples* v. *Growers Finance Corporation,* 44 *Ga. App.* 451 (2) (161 S. E. 675); *Meeks* v. *Moulton,* 46 *Ga. App.* 35 (2) (166 S. E. 445). See *Carlton* v. *W. & A. R. Co.,* 81 *Ga.* 531 (3) (7 S. E. 623). It has also been held in numerous decisions that under such circumstances the dispute by the debtor must be bona fide. *Dickerson* v. *Dickerson,* 19 *Ga. App.* 269 (91 S. E. 346); *Riley* v. *London Guaranty &c. Co.,* 27 *Ga. App.* 686 (1 e) (109 S. E. 676); *Armour Fertilizer Works* v. *Wynne Mercantile Co.,* 40 *Ga. App.* 842 (151 S. E. 671); *Fite* v. *Thweatt,* 46 *Ga. App.* 82 (2) (166 S. E. 682); *Baxter* v. *Bank of Grantville,* 48 *Ga. App.* 458, 461 (172 S. E. 810); *Bankers Health &c. Ins. Co.* v. *Middleton,* 58 *Ga. App.* 715, 716 (2) (199 S. E. 351); *Preston* v. *Ham,* 156 *Ga.* 223, 234 (119 S. E. 658). The ruling by the Court of Appeals in the present case that, in the absence of any agreement by the creditor that an ex-

tinguishment of the entire indebtedness would result, the mere acceptance by the creditor of the check sent by the debtor and the use of the proceeds thereof concluded the creditor as to any balance claimed on the account, regardless of the existence of any dispute as to the amount due and regardless of the good or bad faith of any such pretended claim by the debtor, was error. The general rule recognized for the most part throughout the country as laid down by 1 C. J. S. 502, § 29 (2), is that, "The payment by a debtor, and acceptance by the creditor, of a sum which is conceded by the debtor to be due and payable, or as to which there is no dispute or controversy, furnishes no consideration for the discharge of a disputed claim for an additional and distinct amount or item of liability, for the payment, being of nothing more than the debtor admittedly owes, is neither a detriment to him nor a benefit to the creditor, and so does not constitute or effect an accord and satisfaction thereof, or of the entire account between the parties, in the absence of any new or additional consideration, even though such payment is tendered and accepted or receipted for as in full payment or settlement. The payment operates as a discharge of the items or amount paid only, and the creditor is entitled to maintain an action to recover the balance of his claim." Section 29 (5), p. 505, of this same authority, makes this statement: "Where a claim or demand is unliquidated, or the subject of a dispute or controversy between the debtor and creditor, the settlement of the dispute or uncertainty constitutes, of itself, as has been elsewhere pointed out, sufficient consideration for the accord and satisfaction of the claim and so, while a partial payment, merely as such, furnishes no consideration, such a claim or demand is nevertheless capable of being satisfied by the payment of an amount less than that claimed by the creditor, and an agreement that it shall be so discharged and settled is valid and effectual." As pointed out by C. J. S., this common-law rule has been relaxed by statutory provisions by some of the States to the extent that, where payment is made of less than the undisputed amount due under an *agreement* that it will be accepted in full, the execution of such an independent agreement becomes effective. 1 C. J. S. 497, § 27. In Georgia, the Code, § 20-1204, provides as follows: "*An agreement* by a creditor to receive less than the amount of his debt cannot be pleaded as an accord and satisfaction, unless it be actually executed

by the payment of the money, or the giving of additional security, or the substitution of another debtor, or some other new consideration." Thus there are cases decided by this court, some of which are cited in the dissenting opinion, in which an independent agreement on the part of the debtor that he would, or does, accept a part of an undisputed claim as in full settlement, will, when actually effectuated, become binding. There are other cases, cited in the dissenting opinion, recognizing the validity of a partial payment tendered as in full, even though not in furtherance of any agreement that it would have such an effect, by the creditor, where the amount of the indebtedness is in dispute—the dispute in such case furnishing the consideration. But, so far as the Justices concurring in the majority opinion believe, there is no case rendered by this court where, in the absence of any independent agreement by the creditor that he would, or does, accept a part of an undisputed claim as in full, his acceptance of a part of the debt due him will be adjudged to satisfy the entire indebtedness merely because the debtor alone saw fit to attempt such a settlement of his unpaid indebtedness by the terms of the tender of a part of what he admittedly owes. It is believed that there is now, and for a long time has been, general acceptance, on the part of the bench and bar of this State, of the soundness of the proposition that, in the absence of an independent agreement, the retention by the creditor of a smaller sum offered in settlement of a claim, as to the amount of which there was no bona fide dispute, does not amount to an accord and satisfaction. The practical considerations which form the basis of the wholesome doctrine known as stare decisis, constrain us to reverse the judgment of the Court of Appeals which is under review.

Since, in the absence of an independent agreement by the creditor that he would accept a portion of his undisputed claim as in full, a bona fide dispute as to the amount due is necessary to afford a consideration for the extinguishment of the entire debt by a tender of a lesser sum, it follows that, if under the evidence the jury was authorized to find that the debtor wholesaler's deduction of commission, in remitting for the June account, was not in good faith, the judgment of the Court of Appeals in reversing the judgment of the trial court, based upon the verdict of the jury finding in favor of the plaintiff creditor, was erroneous. We think, from

an examination of the evidence, that the jury was authorized to find that the charge of five cents per fixture as commission against the manufacturer represented no genuine conviction based on anything said or done to reasonably lead the wholesaler to expect that its action would be approved; but that it was merely a petulant effort to force its will upon the manufacturer, despite the repeated declarations to it that under the terms imposed by the government no commission could be allowed any wholesaler. It is admitted that the wholesaler had no exclusive sales rights in the territory in which the material was delivered. It is clear that it rendered no services, and, by reason of the fact that it was not a manufacturer, was barred from making any bid directly or indirectly. The fact that on some occasions the manufacturer made bids to others in such a way as to permit the allowance of commissions or discounts to the wholesaler furnishes no precedent for expecting a commission under totally different circumstances. Good faith requires something more than what the jury was authorized to find was a mere arbitrary and capricious charge against the creditor, where every fact and circumstance impeached the idea that the debtor could reasonably expect a commission on a sale from which a commission was barred by terms imposed upon the seller. Since the verdict of the jury can be sustained under the law upon the theory that they did not regard the contentions of the debtor as bona fide made, and the amount of the account was otherwise conceded to be correct, the judgment of the Court of Appeals must be reversed.

*Judgment reversed. All the Justices concur, except Duckworth and Atkinson, JJ., who dissent.*

DUCKWORTH, Justice, dissenting. Let it be clearly understood that I recognize that the general rule of force in most jurisdictions is that, for the payment of an amount less than the claim to constitute an accord and satisfaction, it is essential that there exist a dispute as to the correctness of the claim, or that there be some other consideration flowing to the creditor for his waiver of the balance of his claim. In Chicago Ry. Co. *v.* Clark, 178 U. S. 353, 366 (20 Sup. Ct. 924, 44 L. ed. 1099), the Supreme Court of the United States, after stating this general rule, pointed out that there were in some States statutory exceptions to this general rule, among which was section 3735 (now § 20-1204) of the Code of this State.

In view of the undisputed fact that Georgia by the adoption of the Code section has, as pointed out by the Supreme Court of the United States, adopted a rule that differs from the rule of force in most jurisdictions, it is obvious that the general rule has no application in this State and that decisions in jurisdictions where it obtains are irrelevant to the instant case.

Precisely what are the essential ingredients of an accord and satisfaction is of vital importance to the entire public, and should if possible be made clear and unmistakable. For this reason, although being firmly convinced that the majority opinion erroneously states these essentials, I would nevertheless, for the sake of clarity and finality, concur in that opinion but for the fact that I am convinced that it does not clarify or settle these matters, and is not even controlling law and would not be so if all the Justices concurred, because it is in irreconcilable conflict with older decisions of this court which were concurred in by all the Justices. If so, it settles nothing, but simply adds to the doubt, confusion, and uncertainty already existing. By the Code, § 6-1611, it is specified in what manner a decision of the Supreme Court having the concurrence of all the Justices may be lawfully overruled or materially modified. Until this has been done in the manner there prescribed, such decisions have the force and effect of a statute. Act of 1858 (Ga. L. 1858, p. 74); *Lucas* v. *Lucas,* 30 *Ga.* 191, 202 (76 Am. D. 642); *Calhoun* v. *Cawley,* 104 *Ga.* 335, 344 (30 S. E. 773); *Hagan* v. *Asa G. Candler Inc.,* 189 *Ga.* 250, 258 (5 S. E. 2d, 739, 126 A. L. R. 108). In case of a conflict in such decisions, the older decision is the law and is binding and controlling upon all the courts of this State. *Calhoun* v. *Cawley,* supra; *Sheppard* v. *Bridges,* 137 *Ga.* 615, 626 (74 S. E. 245); *Hardin* v. *Reynolds,* 189 *Ga.* 589 (6 S. E. 2d, 913); *Fuqua* v. *Hadden,* 190 *Ga.* 361 (9 S. E. 2d, 243). The constitution (Code, § 2-3009) provides that the decisions of the Supreme Court are binding as precedents upon the Court of Appeals. Therefore I assume there can be no dissent from the assertion that, to the extent that the decisions of this court concurred in by all the Justices have defined and specified the essentials of an accord and satisfaction under our statute, they are the law, binding alike upon the Court of Appeals and the Supreme Court; and all decisions of the Court of Appeals, together with any later decisions of the Supreme Court that conflict with

such older unanimous decisions of the Supreme Court, are unsound, are not the law, and must yield to the older Supreme Court decisions. Consequently, if there are, as I confidently believe I will hereinafter point out, older and controlling decisions of the Supreme Court with which the majority opinion here, as well as the decisions cited therein, are in conflict, then the majority opinion is not the law and is not binding upon anyone, not even the Justices who concurred therein, and if so the only purpose it can serve is to further confuse the public as to the true rule.

Since the majority opinion reverses the Court of Appeals' ruling that the acceptance by the creditor of the debtor's check for an amount less than the creditor's claim, accompanied by a letter stating that the check was offered in full satisfaction, constituted an accord and satisfaction, and this without regard to whether or not there was a bona fide dispute regarding the claim, it necessarily rules that the facts relating to the acceptance of the conditional tender do not constitute an executed agreement, and that it is essential that a bona fide dispute exist in order that an accord and satisfaction may result. If by the controlling decisions of the Supreme Court I can demonstrate that a dispute, whether in bad faith or in good faith, is unnecessary, and that the facts touching the tender and acceptance constitute as a matter of law an agreement fully executed, the very foundation upon which the majority opinion must of necessity rest will thereby be destroyed and the opinion must, accordingly, fall. In decisions having the concurrence of all the Justices of this court, in *Tarver* v. *Rankin*, 3 *Ga.* 210, and *Brown* v. *Ayer*, 24 *Ga.* 288, it was held that the acceptance by the creditors as payment in full of one-half of their claims, which were in each case liquidated by judgment, constituted an accord and satisfaction of those claims. There is no room for any contention that a dispute of any character whatsoever existed as to those claims. There is no escape from the conclusion that a dispute is unnecessary, since these decisions settle that question beyond any doubt, for they are the oldest decisions on that subject and have never been modified or overruled. Any doubt that those decisions intended to thus rule will instantly disappear when the following quotations therefrom are read. In the *Tarver* case it is held in the fourth headnote: "Parol satisfaction of a judgment may be shown, even when the payment was for a less sum than the whole amount due, provided it was actually received and accepted

in full discharge of said judgment." In the *Brown* case it was held in the third headnote: "If a creditor agree to receive from his debtor a less sum in satisfaction of a greater, and the less sum is paid him and he accepts it, the contract is executed, and he can not treat it as a nullity and recover the balance; otherwise, if the contract is executory, and must be enforced through a court of law." In each of these cases, however, the matter of the agreement of the parties to the accord and satisfaction was express, and, hence, they did not deal with and had no bearing upon the other proposition upon which the majority opinion rests, to wit, whether or not the acceptance of a conditional offer or tender within itself constitutes an agreement in contemplation of the Code, § 20-1204. On this question, however, we are not left in doubt, for this court in unanimous decisions has repeatedly held that such facts and circumstances constitute an agreement just as effectually as if the agreement had been reduced to writing and signed by both parties. In *Hamilton* v. *Stewart,* 105 *Ga.* 300 (31 S. E. 184), and in the same case, in 108 *Ga.* 472 (34 S. E. 123), it was held that a conditional offer or tender in substantially the exact language and manner employed in the instant case meant that the debtor was thereby saying to the creditor: "We will pay you $776.62 in cash, upon the condition that you accept the same in full satisfaction of the notes held against us, and upon no other condition are you authorized to retain the amount which we remit;" and that by the act of the creditor in retaining and cashing the check and appropriating its proceeds to his own use he thereby accepted the condition and agreed that the payment satisfied the entire claim. These two decisions were expressly approved in *Jenkins* v. *National Mutual B. & L. Assn.,* 111 *Ga.* 732 (36 S. E. 945). In neither of the cases had there been any pretense or attempt to reach an express agreement, and the only semblance of an agreement was the acceptance of the conditional offer or tender; and it was held that the creditor could not accept the check and repudiate the conditions which the debtor had attached thereto, but that in accepting the one he automatically and as a matter of law accepted the other and agreed thereto. Had the creditor, while in the very act of appropriating the proceeds of the check, loudly declared his disagreement with the terms upon which the tender was made, and such declarations had been communicated to the debtor, under the

controlling decisions of this court he would nevertheless and despite such declarations have been held as a matter of law to have agreed to all of the conditions attached to the tender. *Glaze* v. *Western & Atlantic R. Co.*, 67 *Ga.* 761 (2); *Walker* v. *O'Neill Mfg. Co.*, 128 *Ga.* 831 (58 S. E. 475); *Citizens & Southern Bank* v. *Union Warehouse Co.*, 157 *Ga.* 434 (122 S. E. 327). In the case last cited, after stating this rule and citing decisions of this court to support it (page 453), it is said: "The reason of this rule is that payment being made upon condition, the acceptance of the payment carries with it the acceptance of the condition." It would seem that the decisions I have cited show conclusively that under the law of this State a tender of less than the claim, with the express condition attached that it satisfies the entire claim, when accepted by the creditor constitutes in law an agreement of the parties to thus settle the debt, and being an executed agreement constitutes an accord and satisfaction under the statute. Any attempt to escape the binding force of these decisions upon the theory that the claims there settled were unliquidated or were in dispute is met by the inescapable fact that the law nowhere makes a distinction between the type of agreement essential to an accord and satisfaction of a disputed or unliquidated claim and the type of agreement necessary for the same purpose where the claim is liquidated. Indeed, the very mudsill upon which the law of accord and satisfaction must stand is that in every case the parties have agreed to the settlement. What would constitute an agreement sufficient in one case would be an agreement sufficient in any other, and the Code, § 20-1204, which declares the necessity for an agreement applies alike to disputed and undisputed, liquidated and unliquidated claims, and requires one and only one type of agreement in all cases.

The following decisions do not militate against what has been said. In *Molyneaux* v. *Collier*, 30 *Ga.* 731, it was held that an executory contract to release a judgment lien for $8000 against a solvent debtor for $2000 was without consideration and was a nudum pactum, and, therefore, did not constitute an accord and satisfaction of the original claim. The court (p. 747) said: "It is manifest that these execution debtors were not insolvent when the original contract was made between Rawls and Collier, which, it is conceded, never was executed. All that is claimed is the substitution of another mode of performance." The quoted por-

tion of the opinion clearly shows that the facts there, as construed by this court, did not constitute an accord and satisfaction, and they would not do so under the rule which I have stated. In *Carlton* v. *Western & Atlantic R. Co.*, 81 *Ga.* 531 (supra), the claimant there was an employee of the railroad under a written contract stipulating the measures of damages payable to the employee in the event of injury while employed. The injured employee signed a receipt reciting that the employer had agreed to pay $32.50 in full for all wages due him to date and in full for all damages which he had sustained on account of the injury, expressly accepting such sum in full satisfaction of all demands to date. This court, without citing as much as a Code section to support the ruling, held that the trial court erred in charging that the settlement was a bar to the employee's right to recover for the damages resulting from his injury. This court said that the payment covered his wages of $1.25 for 30 days and that only, and that his agreement to receive his own wages in satisfaction of the damages resulting from the injury was a nudum pactum and would not bar his recovery, and that his wages were not in dispute; and finally it was said: "But if he received the amount stated, or less than that, in satisfaction of his wages, he would be bound by it, so far as his wages were concerned. But it does not appear that he received anything at all for his damages. We think, therefore, that the court erred in its charge to the jury and in the construction placed upon this instrument. It should have been left to the jury to determine whether or not the wages, as well as the damages, were in dispute; and it was for them to determine whether or not the settlement covered all." In the first place, it appears that this court considered the facts in that case to mean that both the wages and the damages were not intended by the parties to be adjusted by the settlement, and the case might be distinguished on this ground; but, if the distinction can not be made, then the ruling there made obviously overlooked the older decisions of *Tarver* v. *Rankin* and *Brown* v. *Ayer*, supra, as well as the statute. Even under the view of the majority in the present case, the agreement there being expressly stated, and the smaller amount being paid and accepted, an accord and satisfaction resulted, and that decision is unsound, contrary to law, in conflict with the older decisions, and can not be followed. In *Robinson* v. *Leatherbee Lumber Co.*, 120 *Ga.* 901

(48 S. E. 380), as has been previously pointed out by this court, the decision might be distinguished from the older decisions in the two cases of *Hamilton* v. *Stewart*, supra, upon the ground that the tender there made was not conditioned upon its being accepted in satisfaction of the debt; but if this distinction is not sufficient, then to the extent that it is in conflict with them it must yield to the older decisions. What is stated in this dissenting opinion is strongly supported by the decisions in *Redmond* v. *Atlanta & Birmingham Ry.*, 129 *Ga.* 133 (58 S. E. 874), and *Burgamy* v. *Holton*, 165 *Ga.* 384 (141 S. E. 42). It is supported by the plain language of the statute itself. No doubt the Court of Appeals, in the numerous decisions cited in the majority opinion, fell into error because of its failure to recognize a distinction between an executory and an executed agreement as it relates to accord and satisfaction. The Code, § 20-1203, refers exclusively to an executory agreement, and § 20-1204 refers to four distinctly different agreements, the first of which is an executed agreement, and the last three of which are executory agreements. It is there provided that the agreement of a creditor to receive less than his debt can not be pleaded as an accord and satisfaction, in the absence of one of the conditions there stated, to wit: (a) "unless it be actually executed by the payment of the money;" (b) "the giving of additional security;" (c) "the substitution of another debtor;" (d) "some other new consideration." Any one of the four conditions effectually renders the agreement a valid accord and satisfaction. Condition (a) stands on an equality with any of the others in accomplishing this result. However, as pointed out in *Brown* v. *Ayer*, supra, in the third headnote, being an executed agreement, it is valid and binding, although there is no new consideration flowing to the creditor to compensate him for his relinquishment of that portion of his claim in excess of the amount paid. If not executed, as pointed out in the decision referred to, it would be a nudum pactum and would not be enforced by the courts of this State. It settles the entire relationship between the creditor and the debtor, whereas conditions (b), (c), and (d) settle only the original claim and leave the existence of the relationship of creditor and debtor on the terms embodied in the executory agreement. Nor does the statute expressly or by the remotest implication restrict its application to any class or character of debts. It applies alike to liquidated and unliquidated, disputed and undisputed debts.

While the wisdom of the statute is exclusively the concern of the legislative branch of the government, and can in no case become the legitimate concern of the judicial branch, yet I submit that, when put to this test, the rule as I understand it to be will outweigh the rule as declared by the majority. If the acceptance of the tender, made on the condition that it settles the entire claim, constitutes an accord and satisfaction without regard to whether or not there exists a dispute, then the creditor is left absolutely free to exercise his own judgment with his eyes open as to the result of his action in accepting or rejecting such conditional tender. If he accepts, he knows that his claim is settled. If he is unwilling to thus settle it, he is free to reject it and thereby avoid an incumbrance, when he undertakes to collect his claim, by the record of such payment. It is the judgment of the parties, and they should not ask a court to reverse it and give them more than they gave themselves. Whereas under the rule in other jurisdictions and as applied by the majority here, if that same creditor knew that there had been no dispute he would be authorized to accept the conditional tender, and when he undertakes to collect the remainder of his claim he might be met with a plea of accord and satisfaction and the contention that there had been a dispute, and such a plea would be strongly supported by the evidence showing the express conditions and the acceptance by the creditor of the tender to which they were attached.

For reasons stated in the first part of this dissent, it is not even persuasive argument in support of the majority opinion to state that the Court of Appeals over a long period of time has so ruled and thus has led the general public to the common belief that the rule as so stated is the correct one in this State. If such reasons are of sufficient weight and persuasion as to sustain the adoption of that rule, then they are sufficient to justify this court in reviewing the decisions which conflict therewith in the manner prescribed by the law and in expressly overruling them, in order that the court might thus settle the law and fix the rule beyond uncertainty and doubt, for it is only thus that the law may be changed or made clear if that rule is to be adopted. For the reasons stated, which I firmly believe are sound and inescapable, I have no choice but to dissent. I am authorized by Mr. Justice Atkinson to state that he concurs in this dissent.