**Harvey Thomas SMOOT, Jr., Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al., Appellees.**

**Katie Mae DONALDSON and William M. Donaldson, Appellants,**

v.

**Harvey Thomas SMOOT, Jr., et al., Appellees.**

**Nos. 20923, 21129.**

United States Court of Appeals Fifth Circuit.

Oct. 15, 1964.

No. 20923:

Alton D. Kitchings, Savannah, Ga., for Harvey T. Smoot.

Alex A. Lawrence, James W. Head, Luhr G. C. Beckmann, Jr., Savannah, Ga., Kirk McAlpin, Atlanta, Ga., Hitch, Miller, Beckmann & Simpson, Savannah, Ga., Bouhan, Lawrence, Williams & Levy, Savannah, Ga., for appellees.

No. 21129:

Anton F. Solms, Jr., James W. Head, Savannah, Ga., for Katie M. and W. J. Donaldson.

Kirk McAlpin, Atlanta, Ga., Alton D. Kitchings, Alex A. Lawrence, Luhr G. C. Beckmann, Jr., Savannah, Ga., for appellees.

Before BROWN and BELL, Circuit Judges and SPEARS, District Judge.

PER CURIAM.

By our prior decision in 1962, Smoot v. State Farm Mutual Auto. Ins. Co., 5 Cir., 1962, 299 F.2d 525, we reversed and remanded the case for a trial of the Assured's claim that the Insurer was liable for the excess of the damage-claimant's judgment over the policy limits. On the eve of that trial, the Insurer, under F.R. Civ.P. 19(b), sought to bring in the Donaldsons, the damage-claimant-judgment creditors, as necessary parties. The theory asserted in this amended answer was that by conduct of the judgment creditors there had been an accord and satisfaction of the judgment against the Assured Smoot. If that were so, there would then be nothing to try in the suit of the Assured *vis-a-vis* the Insurer. Though objecting to this unorthodox transmutation of the Assured's suit into a trial of rights as between the Assured

and his recent (and continuing) adversaries, the Assured waived the requirement of time. That limited case proceeded to trial before a jury. After denial of motions for directed verdict, the jury found, in effect, accord and satisfaction. The Donaldsons appeal. Smoot, as a protective measure in the event the Donaldsons prevail, also appeals.

Without undertaking to determine whether this procedure was a permissible application of F.R.Civ.P. 19(b), we are of the clear view that under controlling Georgia principles by which we are *Erie*-bound, there was as a matter of law no accord and satisfaction as there was no condition of payment express or implied. See American Associated Cos., Inc. v. Vaughn, 1957, 213 Ga. 119, 97 S.E.2d 144; Rivers v. Cole Corp., 1952, 209 Ga. 406, 73 S.E.2d 196; Sylvania Electric Products Inc. v. Electrical Wholesalers Inc., 1945, 198 Ga. 870, 876, 33 S.E.2d 5 (dissenting opinion). The trial Court should therefore have directed a verdict for the Donaldsons.

The District Court's judgment[1] was erroneous and must be reversed. This means that the declaration that the State Court judgments are satisfied, paid and execution cancelled are therefore vacated and reversed. Likewise the entries on the execution docket pursuant thereto are extinguished and to be expunged.

This leaves then only the case between Smoot, the Assured, and the Insurer for his damages for the excess of these valid, outstanding State Court judgments over the policy limits. As it was in 1962, this case must again be reversed and remanded for trial.

Reversed and remanded with directions.

---

1. "IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED AS FOLLOWS:

"(a) The verdict of the jury in the favor of the Plea of accord and Satisfaction is hereby made the judgment of this Court;

"(b) The judgments and executions hereinabove referred to are declared and adjudicated to be satisfied and to have been paid in full;

"(c) The said William M. Donaldson and the said Katie Mae Donaldson are ordered and directed within a period of 20 days from the date of this Judgment and Order to mark upon said executions as recorded and entered on the General Execution Docket in the Office of the Clerk of the Superior Court of Chatham County, Georgia, an entry stating that the same have each been satisfied and paid and that each is cancelled.

"(d) The Court retains jurisdiction for the purpose of taking such further action, pursuant to the Federal Rules of Civil Procedure, including Rule 70, as may be necessary for the enforcement of this Judgment and Order if the said William M. Donaldson and the said Katie Mae Donaldson fail to cancel such executions within the period stated above."