## 74114. LEWIS v. ALFRED L. SIMPSON & COMPANY, INC.
(358 SE2d 262)

CARLEY, Judge.

Appellee-plaintiff filed suit, seeking to recover the balance allegedly due for certain landscaping work it had performed on property owned by appellant-defendant. Appellant answered and raised the affirmative defense of accord and satisfaction. The case was tried by a jury and a verdict for appellee was returned. Appellant appeals from the judgment entered on the jury's verdict.

1. Appellant enumerates as error the denial of his motion for directed verdict as to his affirmative defense of accord and satisfaction. Appellant relies upon the following evidence: After completion of the work, appellant disputed the amount of the balance that appellee claimed was owed to it. Appellant tendered a check to appellee in an amount less than appellee claimed was owed. Appellant made this tender upon an oral condition that the check represented payment in full for the work. Appellee accepted the check over the protest that it did not accept appellant's condition. However, notwithstanding appellee's protests, the check was cashed.

In *Sunbelt Life Ins. Co. v. Bank of Alapaha*, 176 Ga. App. 628, 629 (2) (337 SE2d 410) (1985), we held that legislative enactment of OCGA § 13-4-103 (b) had the effect of codifying the holding in *Sylvania Elec. Prods. v. Elec. Wholesalers*, 198 Ga. 870 (33 SE2d 5) (1945), as the applicable statutory law of this State with regard to accord and satisfaction. "In the *absence of an independent agreement* by a creditor that the acceptance of an amount less than the indebtedness will be taken, or is taken, in full satisfaction thereof, the *mere acceptance* of a check for a less sum than the amount of an unliquidated debt, remitted by the debtor *with notice* that it is in full satisfaction of the debt, will *not* amount to an accord and satisfaction unless there existed previously to the tender a *bona fide dispute* by the debtor as to the correctness of the amount of the debt." (Emphasis supplied.) *Sylvania Elec. Prods. v. Elec. Wholesalers*, supra at 870 (1).

In this case, there was no "independent agreement" by appellee that the check tendered to it by appellant would be taken in full satisfaction of the indebtedness. As did the creditor in *Sylvania Elec. Prods.*, supra, appellee cashed the check but only after protesting and refusing to accept appellant's condition that the amount of the check constituted payment in full for its services. Appellee's protest having established the absence of any "independent agreement" between the parties, the viability of the accord and satisfaction defense is dependent upon whether "there existed previously to [appellant's] tender a bona fide dispute by [him] as to the correctness of the amount of the debt." *Sylvania Elec. Prods. v. Elec. Wholesalers*, supra at 870 (1). Here unlike *Sunbelt Life Ins. Co.*, supra, there was a preexisting dis-

pute by appellant as to the amount that he owed to appellee. However, here, as in *Sylvania Elec. Prods.*, supra, there was also a jury question as to whether the dispute as to the amount appellant owed appellee was a "bona fide" dispute. "Good faith requires something more than what [a] jury [would be] authorized to find was a mere arbitrary and capricious charge against the creditor . . . Since the verdict of the jury can be sustained under the law upon the theory that they did not regard the contentions of the debtor as bona fide made, and the amount of the account was otherwise conceded to be correct, the judgment to the [trial court] must be [affirmed]." *Sylvania Elec. Prods. v. Elec. Wholesalers*, supra at 876.

Appellant's reliance upon *Perma Ad Ideas of America, v. Mayville*, 158 Ga. App. 707 (282 SE2d 128) (1981) and *Hartline-Thomas, Inc. v. H. W. Ivey Constr. Co., Inc.*, 161 Ga. App. 91 (289 SE2d 296) (1982) as authority for a contrary holding is misplaced. Those cases are distinguishable on either the law or the facts. It is unclear whether those cases were decided under the law as it stood prior to enactment of OCGA § 13-4-103 (b). If they were, they are clearly distinguishable on that basis. If they were decided under existing OCGA § 13-4-103 (b), the recited facts show the absence therein of any jury question with regard to whether the debtor's dispute of the amount owed to the creditor was bona fide. This would distinguish those cases from the case sub judice. In either event, both cases were correctly decided on the applicable law and facts and neither is authority for holding that the denial of appellant's motion for a directed verdict was erroneous under the facts and law applicable to this case.

2. The trial court's refusal to give several of appellant's requests to charge is enumerated as error. The refused requests relate to appellant's accord and satisfaction defense. Appellant's requests contain statements of the law which may well have been accurate prior to enactment of OCGA § 13-4-103 (b). They are not, however, accurate statements of the current law of accord and satisfaction. As given, the trial court's instruction on the defense of accord and satisfaction was full, fair and accurate. There was no error in refusing appellant's requests.

*Judgment affirmed. Banke, P. J., and Benham, J., concur.*

DECIDED MAY 19, 1987 —
REHEARING DENIED JUNE 2, 1987 —

*Robert H. Hishon, Hugh M. Worsham, Jr.*, for appellant.
*G. Roger Land, Herbert W. Benson*, for appellee.