*W. Inman Curry,* contra.

18626.. RICHARDSON *v.* SEIBERT *et al.*

Decided April 10, 1928.

*Lee, Congdon & Fletcher,* for plaintiff in error.

*W. Inman Curry,* contra.

Luke, J.   Seibert & Robinson brought this action against Harold A. Richardson to recover a balance alleged to be due under a contract for the restoration and repair of a dwelling house damaged by fire.   The entire consideration of the contract, including certain extras agreed upon, was $12,396.22.   In rendering a statement of the account, in which credit was given for a part payment of $5344.70, Seibert & Robinson made an error of $1000 against themselves, thus showing the balance claimed as due to be $6051.52 in-

stead of $7051.52, and later received a check from Richardson for the erroneous balance indicated by the statement, and executed a release from further liability. As to the circumstances under which the check was given and the release executed, the testimony of the parties to the transaction is in conflict. This is especially true as to whether there was any actual dispute between the parties as to the amount claimed to be owing, and as to what was the real inducement and purpose of the release. It seems to be uncontroverted, however, that Richardson, after having detected the error in subtraction in the statement rendered, and without disclosing that fact, and without in anywise putting his creditor upon notice of it, invited Robinson to his office for the purpose of a settlement. It further appears quite clearly that Robinson did not discover and was not aware of the error until after he had received and accepted the check and had signed and surrendered the release. It also seems undisputed that Robinson acted in that connection under the delusion that he was receiving payment in full for the balance of the account against Richardson. Robinson, however, before using the check, was apprised of the mistake, and, immediately upon its discovery, notified Richardson, who suggested that, if not satisfied, he should return the check and litigate the claim. But Robinson deposited the check for collection, and, having collected the proceeds, afterwards instituted this action.

The essential question presented in this case, of course, is whether there was an accord and satisfaction between these parties, and whether the release is to be regarded as conclusive evidence of settlement for a sum less than claimed.

The question of fact whether there was an accord and satisfaction in this case was one which the jury primarily was called upon to determine. The circumstance of Richardson's silence, at a time and in a situation when in good faith he was bound to speak of the error in the statement then before the parties as the basis of the proposed settlement, was alone sufficient to warrant the finding of the jury that there was no accord and satisfaction. In view of the testimony, which the jury was entitled to accept, the release might well be regarded as a mere nullity in the hands of Richardson, for the reason that it owed its existence to the inadvertence upon the part of the creditors, Seibert & Robinson, the deceit upon the part of Richardson, and, according to the testimony of Robin-

son, the fraudulent inducement to its execution and delivery. In this view, then, what was the effect of the conduct of Robinson in retaining the check and appropriating it after the discovery of the actual facts, instead of returning it to Richardson and litigating the matter? The court is well aware of the rule of law requiring one who desires to avoid a contract to make, or offer to make, restitution of that which he has received by virtue of it. The reason of the rule, of course, is that the parties are to be restored to the status quo. But in this case, in the view that the jury evidently adopted, Robinson received nothing by virtue of the pretended accord and satisfaction. He testified that Richardson declared that he desired to pay the account in full, and that he accepted the check and gave the release under the misapprehension that he had received payment in full. Taking this testimony to be true, it could make no possible difference to Richardson whether his check was used or not. He was not prejudiced by the retention of a payment for a portion of the amount for which he admittedly was indebted. So that in these circumstances no legal duty rested upon Seibert & Robinson to return the partial payment represented by the check in question, before bringing this action for the balance claimed,—no more, indeed, than there was a legal duty to return the payment that had been previously made upon the same account.

Nor is this court inclined to share the view of counsel for the plaintiff in error with reference to the court's charge to the jury in this case. The charge seems to embrace all the essential phases of the controversy upon which it was the duty of the judge to instruct the jury, and no prejudicial error appears in the interpretation of the legal principles involved.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*