44101. D. H. OVERMYER COMPANY, INC. v. JOE SUMMERS ROOFING COMPANY, INC.

BELL, Presiding Judge. Joe Summers Roofing Company, Inc., as payee, brought this suit for the balance due on a promissory note against D. H. Overmyer Company, Inc., as maker. Overmyer contended in its answer that the note was executed under a mistake of fact as the parties were laboring under the impression that Overmyer owed Summers a larger amount than was actually due. By way of counterclaim Overmyer sought to recover excess sums which it had paid Summers because of this mistake. Plaintiff Summers moved for summary judgment. Supporting evidence showed that Summers, a subcontractor, had previously brought a suit against Nixon Construction Company, a general contractor, and Overmyer,

a landowner, to recover the balance due on several contracts between Nixon and Summers and to foreclose liens for labor and materials against the property of Overmyer. Overmyer gave the note here pursuant to a settlement agreement in consideration of the dismissal of the former proceeding and cancellation of the claims of lien. Defendant took this appeal from the grant of summary judgment for plaintiff. *Held:*

A compromise or mutual accord and satisfaction is binding on both parties. *Code* § 20-1205. The mistake of a party to a settlement contract will not render the contract invalid when the mistake was the result of that party's negligence. See *Code* §§ 37-116, 37-211; *Dyar v. Walton, Whann & Co.*, 79 Ga. 466, 470 (7 SE 220); *Holton Dodge, Inc. v. Baird*, 118 Ga. App. 316, 317 (163 SE2d 346). However, it is generally agreed that a settlement contract based on a mistake of material fact, where the mistake was not due to the negligence of the party claiming mistake and where it did not pertain to a fact in dispute, may be invalidated on that ground like other agreements. See *Collins v. Collins*, 165 Ga. 198 (4) (140 SE 501); *Richardson v. Seibert*, 38 Ga. App. 76 (142 SE 755); 15 AmJur2d 969, Compromise and Settlement, § 35. "If the consideration be founded in a mistake of fact or of law, the promise founded thereon cannot be enforced." *Code* § 20-308.

The evidence on motion for summary judgment did not show whether or not the claim in the former proceeding was disputed in whole or in part. In other words the evidence did not show that there was a dispute as to the particular amount of the claim in controversy. Thus it does not appear that the alleged mistake pertained to a matter that was disputed or believed to be uncertain or that was intended to be resolved through the alleged compromise. Instead, Overmyer's answer showed that the mistake was a mutual one and that it arose through the subcontractor's omission to credit some payments against the balance due on the contracts between the general contractor and the subcontractor.

On the motion for summary judgment plaintiff as movant had the burden to show the absence of any genuine issue of material fact. The movant has this burden even as to issues upon which the opposing party would have the trial burden. *Colonial Stores v. Turner*, 117 Ga. App. 331, 333 (160 SE2d 672); *Sanfrantello v. Sears, Roebuck & Co.*, 118 Ga. App. 205,

206 (163 SE2d 256); 6 Moore's Federal Practice (2d Ed.) 2853, § 56.23. Proof merely that the note was given pursuant to a settlement agreement was not sufficient. It was incumbent upon plaintiff to support the motion with evidence showing that in fact there was no mistake or that the mistake was made under circumstances in which it would not afford a defense.

The motion for summary judgment was improperly granted.

*Judgment reversed. Eberhardt and Deen, JJ., concur.*

ARGUED JANUARY 8, 1969—DECIDED JUNE 26, 1969—
REHEARING DENIED JULY 30, 1969.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, H. A. Stephens, Jr.,* for appellant.

*Parker & Parker, Richard L. Parker,* for appellee.