## 45711. CITIZENS BANK v. BARBER et al.

QUILLIAN, Judge. Citizens Bank filed suit in the Civil Court of Fulton County against James R. Barber and R. B. Hodgson. The complaint was in two counts: Count 1 sought to recover against the two defendants as co-makers of a promissory note dated August 15, 1968, in the principal sum of $10,000 plus interest and attorney's fees. Count 2 sought to recover from the same defendants on a note dated May 1, 1968, in the sum of $15,000 principal plus interest and attorney's fees.

No answer to the complaint was filed by the defendant Barber. The defendant Hodgson answered Count 1 by stating that he could neither admit nor deny whether the signature on the $10,000 note was his; as to Count 2 Hodgson set up three defenses: (1) that the promissory note was given and received by mutual mistake without any consideration going to him; (2) that the promissory note was procured by fraud on the part of the plaintiff and the defendant Barber in that the note was used to satisfy a pre-existing obligation of Barber and Mitchell and was not used for the personal benefit of the defendant Hodgson; (3) the defendant admitted execution of the note but denied delivering it. Under this third defense, the defendant set out that the note was presented to him supposedly as a renewal of a then existing note of the defendant held by the plaintiff bank, but was actually used to satisfy an obligation of Barber and one Mitchell.

Depositions of Barber, Hodgson and the president of Citizens Bank were duly taken. Subsequently, plaintiff moved for summary judgment alleging there was no material issue of fact and the plaintiff was entitled to judgment as a matter of law. The trial judge denied the plaintiff's motion and certified the ruling for immediate review.

The plaintiff enumerates as error the failure of the trial judge to grant summary judgment as to each of the counts of the petition. Compare *Smith v. Allen,* 115 Ga. App. 80 (153 SE2d 648). Thus, we consider the counts separately in determining the correctness of the trial judge's decision. See *Code Ann.* § 81A-156 (a, d) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238). *Held:*

1. As to Count 1, the proof offered showed the execution of the note and all the requisites thereof. There was a complete absence of an issuable defense. Moreover, in his deposition the defendant admitted owing the amount in question by stating: "Let me just say this, that I will use the term morally, I will concede morally that whatever the amount of these—total of these notes are, that I owe the bank or that I intend to pay the bank, whether I owe them or not. Now, I can't tell you whether—what legally there is, but I would certainly say that legally I owe the bank $10,000 plus accrued interest." In such circumstances, the trial judge should have found there was no issue of material fact with regard to Count 1.

2. As to Count 2, we again reiterate the often stated rule: "The burden to show that there is no genuine issue of material fact rests on the party moving for summary judgment whether he or his opponent would at trial have the burden of proof on the issue concerned; and rests on him whether he is by it required to show the existence or nonexistence of facts." *Southern Bell Tel. &c. Co. v. Beaver,* 120 Ga. App. 420 (3) (170 SE2d 737). See *Werbin & Tenenbaum, Inc. v. Heard,* 121 Ga. App. 147 (2) (173 SE2d 114). "The party opposing a motion for summary judgment is entitled to a liberal construction in his favor of the pleadings and evidence." *Saunders v. Vikers,* 116 Ga. App. 733 (3) (158 SE2d 324). Here, the defendant's answer set forth several defenses, including fraud and mistake. The evidence failed to conclusively establish that the bank had no knowledge of the fraud allegedly practiced on the defendant. Furthermore, there was a showing that defendant signed the contract under a mistake of fact and that he thought that this note was a renewal of another note and not the one it actually renewed. Under the proper circumstances, mistake as to a material fact is a defense to a contract. *Code* §§ 20-308, 37-207; *Werner v. Rawson,* 89 Ga. 619, 626 (15 SE 813); *Mangham v. Hotel &c. Supply Co.,* 107 Ga. App. 619 (131 SE2d 74). In *D. H. Overmyer Co. v. Joe Summers Roofing Co.,* 120 Ga. App. 188, 190 (169 SE2d 821), where the issue on summary judgment was whether a showing was made to sustain the defense of mistake, this court held: "It was incumbent upon plaintiff to support the motion with evi-

dence showing that in fact there was no mistake or that the mistake was made under circumstances in which it would not afford a defense." Here again, the plaintiff, as movant, had to show the nonexistence of the requirements which the defendant would have to prove on the trial. Having failed to do so, the denial of the motion as to Count 2 was not error.

*Judgment affirmed in part; reversed in part. Bell, C. J., and Whitman, J., concur.*

ARGUED OCTOBER 1, 1970—DECIDED FEBRUARY 24, 1971—
REHEARING DENIED MARCH 26, 1971.

*Cotton, Katz & White, J. Timothy White,* for appellant.
*Long & Siefferman, Floyd E. Siefferman, Jr.,* for appellees.