## 48531. GRANITE MANAGEMENT SERVICES, INC. v. USRY.

BELL, Chief Judge. The plaintiff sued on a lease contract for an alleged breach. Judgment was entered for the defendant.

The contract provided for the lease of two ice making machines at a fixed monthly rental for a term of five years. The lessee selected the equipment and supplier. There were no warranties, express or implied, as to the merchantability, fitness, condition or quality of the equipment. The defendant defaulted after making twelve of the monthly payments. The defendant admitted the contract. The plaintiff also established that at the termination of the lease the defendant had an option to purchase the equipment for a stipulated sum. It was also shown that one Don Poag was the agent of the plaintiff who negotiated the contract. Prior to the execution of the contract, Poag drew a purchase order, signed by defendant, for the ice machines. This document contained the following: "Customer own equipment at end of lease" and "Bapt. Mfg. free service until lease ends." The lease contract itself specified that the ice machines were selected from a supplier selected by the defendant. The defendant's evidence primarily consisted of showing that after delivery of the ice machines they failed to perform properly and there is some evidence that he did

not receive free service from the supplier. Defendant also admitted he had never read the lease contract. The latter provided that "the contract constitutes the entire agreement between the lessor and lessee and that no representation or statement made by any representative of lessor or the supplier not stated herein shall be binding. . . " The trial judge made several findings of fact. The material ones are: (a) That the agent "induced" the defendant to sign the purchase order and "induced" defendant subsequently to sign a lease contract and the acknowledgment of the receipt of the two ice machines; (b) that defendant believed that he was purchasing the two ice machines and also thought that the supplier of the ice machines was under a duty to service the same; and (c) that the plaintiff's agent made "material misrepresentations" to the defendant and thus "induced" defendant to sign the lease contract. The court then concluded that the plaintiff had failed to carry the burden of proving that the lease contract was properly "executed" by the defendant. *Held:*

The above findings of fact and the conclusion that the lease contract was not properly executed can only be construed to mean that the trial judge found and concluded as a matter of law that the defendant was induced by fraud to sign the lease agreement. The only evidence of material misrepresentation is found in the purchase order prepared by the agent which stipulated that title to the ice machines passed to defendant at the conclusion of the lease, and also that the supplier was to service these machines without charge. Nonetheless, the defendant admitted that he never read the lease contract. Where two contracting parties deal at arms length with one another and a written agreement is entered into between them it cannot be set aside upon the ground of fraud or upon the basis that he was induced to enter into and sign the agreement in the consequence of fraudulent misrepresentations when it appears that the party signing did so with the full opportunity to inform himself as to the terms of the instrument but negligently omitted to take such precautions as would reasonably have served to protect him against the imposition alleged to have been practiced. *Chicago Building Co. v. Summerour,* 101 Ga. 820 (1) (29 SE 291). A party to a contract who has the capacity and opportunity to read a written contract and who signs it not under any emergency and whose signature was not obtained by any trick or artifice of the

other party, cannot afterwards set up fraud in the procurement of his signature to the instrument. *Swofford v. First National Bldg. &c. Assn.,* 184 Ga. 312 (191 SE 103). There is no evidence that defendant's signature was obtained by trick or artifice of the agent and he was negligent in not reading the lease contract. The evidence is insufficient to establish a fraudulent inducement in the execution of the contract. The judgment below is reversed.

*Judgment reversed. Deen and Quillian, JJ., concur.*

ARGUED SEPTEMBER 11, 1973 — DECIDED JANUARY 8, 1974 — REHEARING DENIED JANUARY 29, 1974 —

*Randy S. Jones,* for appellant.
*Nicholson, Fleming & Blanchard, John Fleming,* for appellee.