## 51790. MASSEY et al. v. ELECTRICAL WHOLESALERS, INC.

DEEN, Presiding Judge.

1. The renewal of a note in order to obtain an extension of time for payment, done with knowledge of defenses such as failure of consideration, works an estoppel to urge, against the subsequently executed instrument, the defenses of which the maker had knowledge at the time. *National Duck Mills v. Catlin & Co.,* 10 Ga. App. 240, 245 (73 SE 418); *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124 (3) (192 SE2d 513).

2. The same rule applies where one who has purchased supplies from another on open account, with knowledge of all the facts, executes a promissory note for the amount alleged to be due and unpaid, without protesting the amount, and for the purpose of being allowed to continue to purchase from the supplier.

3. An amendment to a counterclaim offered by the defendants after all the evidence was in, alleging that the defendant appellants relied to their detriment on the plaintiff's representations as to the cost of materials needed to fulfill a contract bid, and thereby suffered $17,600 in additional costs on supplies purchased and lost $10,000 profit, was refused by the trial court on the ground that it did not conform to the evidence offered. The court then directed a verdict for the face amount of the note in favor of the plaintiff. Both the refusal of leave to amend and the direction of the verdict raise the same question: Was the evidence presented by the defendant contractors a defense to the action on the note? Analysis of the transcript shows that it was not. Massey and Rogers, after obtaining material prices from Electrical Wholesalers in the late fall of 1973 bid on a building project, received the contract, and completed it in the late summer or early fall of 1974. Most of the material was obtained from Electrical Wholesalers, and the cost was not the estimated $24,000 but some $18,000 more, due in some small part to extra work but mostly to the increases in manufacturers' prices during the year 1974. If the original pricing statements were "representations" as alleged in the amendment, there was no contention that

they were false or made with intent to deceive. If, as the defendants now appear to assert, there was a "contract" to make future delivery at the prices originally quoted, no proof of such a contract appears. After the work was finished, and in order to continue doing business with the plaintiff, the defendants, without making any complaint as to the accuracy of the unpaid bill, executed a promissory note for the full amount thereof. There is some evidence, disputed by the plaintiff, that orders in some instances were not placed promptly and it was therefore necessary to pay a higher price for the material, but in no single instance did any witness document these conclusions with any particular order as to time, price differential, or subject identification.

No viable defense was offered to the action on the note, and the trial court properly directed a verdict in favor of the plaintiff.

*Judgment affirmed. Quillian and Webb, JJ., concur.*

ARGUED FEBRUARY 4, 1976 — DECIDED FEBRUARY 16, 1976 — REHEARING DENIED MARCH 2, 1976 —

*Cook, Noell, Bates & Warnes, Edward D. Tolley, J. Vincent Cook,* for appellants.
*Dock H. Davis, Wayne B. Mangum,* for appellee.