## 52839. SOSEBEE v. ATHA et al.

McMURRAY, Judge.

J. W. Sosebee, Thomas Atha, Henry M. Whitehead, Jr. and W. E. Stewart entered into a joint business venture for the purpose of constructing and operating a motel. The four individuals executed a document (a bank note form) for the purpose of getting the business venture started. This instrument was signed by all four individuals. It stated it was in the amount of $27,000. The name of a bank was struck out and the holder, "J. W. Sosebee," was added thereto, promising to pay "———— dollars with interest after date" until maturity at $400 total for 90 days.

Sosebee, as the holder of the note, sued Atha and Whitehead, seeking a money judgment plus interest and attorney fees. Defendants answered, denying the

indebtedness and pleading lack of consideration and accord and satisfaction among other defenses.

Plaintiff contends the defendants executed the note to him, admitting however, that he also signed the instrument.

Defendants contend that all parties, including plaintiff, had loaned the corporation money; that it failed, and each stood to lose the funds each had loaned to it, and that the money loaned by plaintiff was to be paid by the corporation.

A bench trial was held, and the trial judge found that the consideration for the document sued upon and signed by all the parties, including the plaintiff, flowed to the motel; the corporation was not formed until the next day, and the document was to be a record of the plaintiff's investment in the joint venture so he could be repaid by the corporation; and the plaintiff has suffered no more loss than the defendants in said venture. The court likewise found the instrument was not negotiable, was ambiguous and that parol evidence might be considered by the court to determine its meaning. Judgment was rendered for the defendants against the plaintiff and plaintiff appeals. *Held:*

1. Consideration for a note may flow to one other than the maker. See *National City Bank of Rome v. Whittier,* 41 Ga. App. 221 (1) (152 SE 305); *Brazell v. Hearn,* 33 Ga. App. 490 (1) (127 SE 479); *Venable v. Payne,* 138 Ga. App. 237, 238 (5) (225 SE2d 716).

2. Any person who takes an instrument in which he is not the holder in due course holds it subject to all defenses of any party which would be available in an action on a simple contract, want or failure of consideration, nonperformance of any condition precedent, nondelivery, or delivery for a special purpose. See Code Ann. § 109A-3—306 (Ga. L. 1962, pp. 156, 255).

3. Ordinarily, the introduction of a note in evidence establishes a prima facie case which cannot be rebutted by parol evidence. See *Tatum v. Bank of Cumming,* 135 Ga. App. 675 (218 SE2d 677). But the instrument here is ambiguous in that it does not state the amount of money to be paid to Sosebee and there being evidence submitted that it was delivered to him for a special purpose, that is,

the consideration to flow to the Old English Inns, Inc., which did receive the funds, the lower court did not err in considering parol evidence and in refusing to enforce the incomplete instrument. See in this connection Code Ann. § 109A-3—115 (Ga. L. 1962, pp. 156, 244); *Newby v. Armour Agricultural Chemical Co.,* 119 Ga. App. 650 (2) (168 SE2d 652). There being some evidence to support the findings of the lower court, it did not err in refusing to enforce the so-called note.

*Judgment affirmed. Quillian, P. J., and Marshall, J., concur.*

ARGUED OCTOBER 12, 1976 — DECIDED OCTOBER 27, 1976 — REHEARING DENIED NOVEMBER 24, 1976.

*Brent, Castellani & Palmer, Robert J. Castellani, Douglas P. Roberto,* for appellant.
*Ernest J. Nelson, Jr.,* for appellees.