53086. DUKE ENTERPRISES, INC. v. ESPY.

QUILLIAN, Presiding Judge.

Plaintiff brought suit on a note of which the defendant was the maker and which had been transferred and assigned to the plaintiff by Real Estate Concepts, Inc. The defendant in its answer denied that it was indebted to the plaintiff and set out the following defense: that the plaintiff was not a holder in due course of the note since as vice president and agent of Real Estate Concepts, he personally handled all aspects of the real estate transaction of which the execution of the note formed a part and was fully cognizant of the defenses of the maker of the note; that the note was procured through fraud; that from 1971 through 1974 Real Estate Concepts acted as a broker in numerous real estate transactions in which the

defendant acquired various parcels of real estate; that Real Estate Concepts' participation in transactions was that of a broker although often-times the transactions took the form of the defendant obtaining an assignment from Real Estate Concepts of its interest in an existing sales contract with a third party; that, notwithstanding the technical form of the transaction and the manner in which Real Estate Concepts participated therein, it was mutually agreed between the parties that the total commission on such transactions would be 5 percent of the price of the land.

The answer further set out that in the summer of 1973 the plaintiff approached the defendant with a proposal to enable the defendant to acquire a certain 62 acre tract in Gwinnett County, and since the property was already subject to a contract, the transaction was to take the form of the defendant obtaining an assignment of that contract; that the plaintiff represented to the defendant that the assignment could be procured but that numerous persons had acquired rights thereunder and the cost of obtaining an assignment would be $150,000 or approximately 21 percent of the contract purchase price; that the plaintiff represented that most of the $150,000 would be paid to persons other than Real Estate Concepts and the plaintiff to acquire full rights to the contract and that Real Estate Concepts and the plaintiff its agent would charge no more than the customary 5 percent commission which would be included in the total amount paid for the assignment; that contrary to the plaintiff's representations there were no third parties involved in the transaction and Real Estate Concepts and the plaintiff fraudulently charged defendant a commission of approximately 17 percent instead of that which was represented and would ordinarily be paid.

The note upon which suit was brought was one of three notes plus cash given by defendant to Real Estate Concepts as consideration for the assignment of the sales contract. This note was then assigned to the plaintiff who upon default brought suit to recover upon the same.

The plaintiff moved for summary judgment and attached thereto affidavits and various documents involved in the transaction. The defendant filed an

affidavit in opposition to the motion for summary judgment. The trial judge, after a hearing, granted the plaintiff's motion for summary judgment and entered judgment thereon. *Held:*

"In reviewing the grant of a motion for summary judgment, the question before this court is whether the allegations of the pleadings have been pierced so that no genuine issue of material fact remains." *Dunbar v. Green,* 229 Ga. 829, 830 (194 SE2d 435). "On motion for summary judgment, the pleadings of the opposing party must be taken as true until it appears beyond controversy otherwise that no fact issue exists." *Joiner v. Mitchell County Hospital Authority,* 125 Ga. App. 1, 4 (186 SE2d 307) and cits.

One of the affidavits offered by the plaintiff was that of the then vice president of the defendant. The affiant stated that he "always analyzed such proposed purchase on its investment value for the corporation based on the possibility of said property being rezoned for its highest and best use to the corporation, and ultimately what the investment cost would be on a per unit basis to the corporation." On such basis he "concluded that the total cost of the property involved, including the proposed cost of the assignment, would be a very good investment for the corporation. The affiant "understood and executed the aforesaid assignment and the aforesaid Promissory Note with the understanding that the monies owing to Real Estate Concepts, Inc., as evidenced by said Promissory Note, were for the value of said assignment and not as a commission for the sale of the property described in the contract which was the subject matter of said assignment."

The affidavit offered by defendant only tended to show an agreement regarding the 5% commission by hearsay and by inference. It did show that the affiant was told by plaintiff that "the disproportionately large cost of assignment was attributable to sums that were to be paid to unrelated third parties who had acquired rights in said contract and that Real Estate Concepts, Inc. was going to make appropriate payments to such third parties out of sums received by it in cash at closing and by assignment of notes executed by Duke Enterprises, Inc. at closing. At no

time was it disclosed to me or to [the defendant's vice president] while in my presence that Real Estate Concepts, Inc. and its officers were to receive in excess of the usual five percent fee."

While on the trial of this case, under the present circumstances a directed verdict for the plaintiff might be proper, here on motion for summary judgment the burden was upon the plaintiff, as movant, to conclusively establish the absence or nonexistence of any defense. *D. H. Overmyer Co. v. Joe Summers Roofing Co.,* 120 Ga. App. 188, 190 (169 SE2d 821); *Watkins Products, Inc. v. England,* 123 Ga. App. 179 (3) (180 SE2d 265); *Citizens Bank v. Barber,* 123 Ga. App. 507, 508 (2) (181 SE2d 545); *Bob's Dairy Barn &c. v. I.D.S. Leasing Corp.,* 135 Ga. App. 227, 229 (217 SE2d 462).

The defendant's answer raised an issuable defense which the proof offered by the plaintiff failed to effectively negate. Hence, it was error to grant summary judgment for the plaintiff.

*Judgment reversed. Marshall and McMurray, JJ., concur.*

ARGUED NOVEMBER 3, 1976 — DECIDED
NOVEMBER 22, 1976.

*Bruce B. Weddell,* for appellant.
*Thompson & Stovall, James F. Stovall, III, Coggin & Frey, Frank E. Coggin,* for appellee.