## 54674. AMEAGLE CONTRACTORS, INC. v. VIRGINIA SUPPLY & WELL COMPANY.

BANKE, Judge.

This is an appeal from a summary judgment for the plaintiff-appellee in a suit on a promissory note.

The appellant engaged the services of the appellee to provide a water supply for a mobile home park which the appellant was developing. The appellee drilled five wells for this purpose. Two of these wells did not provide sufficient water to be of any use. The other three, however, were sufficiently productive to supply the development's needs.

The appellant was duly invoiced for the five wells and subsequently made two payments on account. Together, these payments exceeded the charges for the three producing wells. Some months after the last of these payments, the presidents of the two corporations met to discuss payment of the balance; and, in response to the appellee's request, the appellant executed the note on which this suit is based.

The appellant defends on the grounds of failure of consideration and mistake of fact and has counterclaimed to recover the payments made for the two nonproducing wells.

1. The execution of a note in payment of an account operates to cut off all defenses to the account of which the maker then had knowledge. See *National Duck Mills v. Catlin & Co.*, 10 Ga. App. 240 (3) (73 SE 418) (1911); *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124 (3) (192 SE2d 513) (1972); *Massey v. Electrical Wholesalers, Inc.,* 137 Ga. App. 829 (2) (224 SE2d 811) (1976).

It is clear from the record in this case that the appellant knew or should have known that it was being asked to pay for all five wells, not just the three producing ones. The wells had been drilled and the invoices delivered almost two years prior to the execution of the note. Under these circumstances, the trial court correctly determined that the defenses of failure of consideration and mistake of fact were not available.

The appellant's reliance on *Overmeyer Co. v. Joe Summers Roofing Co.,* 120 Ga. App. 188 (169 SE2d 821)

(1969) is misplaced. In *Overmeyer,* this court reversed a summary judgment entered on a note given in payment of a debt because the defendant had alleged in its answer that the note was executed under a *mutual* mistake of fact as to the amount owed and the plaintiff had failed to negate this defense. The record before us now, on the other hand, shows that any mistake or misunderstanding as to the amount owed was wholly unilateral. The appellee has never claimed payment for fewer than all five wells. Furthermore, a party may not defend a claim on the ground of mistake of fact where it appears that the mistake was the result of its own negligence. *Keith v. Brewster,* 114 Ga. 176 (1) (39 SE 850) (1901); *Brooks v. Northwestern Mut. Life Ins. Co.,* 193 Ga. 522 (18 SE2d 860) (1942); *Overmeyer Co. v. Joe Summers Roofing Co.,* supra, p. 189.

2. The appellant's contentions that there remain other questions of fact as to the amount actually owed for the drilling of the wells are resolved by the principles set forth in Division 1, supra.

3. The appellant contends that the affidavits submitted by the appellee in support of its motion for summary judgment are defective in that they do not allege the competency of the affiant. This issue was not raised in the trial court. Even assuming arguendo that it could be raised now and that it were otherwise meritorious, we find no ground for reversal since all of the facts material to the motion for summary judgment were admitted by the appellant's president at his deposition.

4. The appellant assigns as error the entry of a formal judgment for the appellee three days after the order granting the motion for summary judgment was issued. It is asserted that the case terminated with that order and that the trial court had no subsequent jurisdiction to enter a judgment. We know of no authority to support this rather amazing proposition, and we are certainly not disposed to create any.

*Judgment affirmed. Shulman and Birdsong, JJ., concur.*

SUBMITTED OCTOBER 12, 1977 — DECIDED JANUARY 5, 1978.

*Green & Butler, William C. Green, Jr., William B. Cherry, Jr.,* for appellant.

*A. Mims Wilkinson, Jr., John G. McCullough,* for appellee.