56942. HYMAN et al. v. HORWITZ et al.
56943. HYMAN et al. v. GOLDSTEIN et al.

BIRDSONG, Judge.

Summary judgment. Appellees, Mr. and Mrs. Horwitz and Mr. and Mrs. Goldstein brought suit against Mr. and Mrs. Hyman based upon two promissory notes made by Ben Hyman & Co. and guraranteed by Mr. and Mrs. Hyman individually. Mrs. Horwitz and Mrs. Goldstein are sisters of Mr. Hyman.

The facts show that the Horwitzes and Goldsteins were associated with Ben Hyman & Co. and were investors and creditors of the company. In 1965 both the Horwitzes and the Goldsteins withdrew from the company. At that time, Ben Hyman & Co. apparently executed notes to the appellees agreeing to pay each $53,000 as well as each an $11,000 note. These notes were to be liquidated over a five-year period. In 1971, the notes had not been fully paid, and the notes in controversy were executed to cover the indebtedness, existing as of 1971. These notes were to be liquidated in two years. As of the time of the last payment in 1974, there remained an outstanding indebtedness of $32,937.70 as to each sister. Ultimately, suit was brought for this indebtedness on behalf of each of the appellees. Appellants, the Hymans, denied the indebtedness, urging that after the notes were signed they reached an oral understanding that only the company would be liable for any indebtedness and that there was no indebtedness in fact, the notes being to settle a "family matter"; thus, for either reason, the notes were given for no consideration. Depositions were taken from Mr. and Mrs. Hyman, from Mrs. Horwitz, and affidavits were taken from the Hymans and the accountant for Mrs. Horwitz. The trial court granted summary judgments for the Horwitzes and the Goldsteins and entered judgment in the amount of the prayers. Appellants enumerate as

error the grants of summary judgment, and the entry of judgment in favor of appellees. *Held:*

1. The facts and pleadings in these two cases are the same and we have therefore consolidated the cases as one. In their brief, the Hymans have urged two arguments in support of their enumerations of error. The Hymans urge first that there are material issues of fact remaining for disposition; consequently, the trial court erred in granting summary judgment. This argument is based upon the premise that though the Hymans admit the signing of the notes, they later determined that they were not indebted to the two sisters at the time the notes were signed; therefore, there was a failure of consideration. Examination of the depositions and the affidavits reflects that the Hymans contend they signed the notes as a "family matter" without any indebtedness being involved. In their affidavit, the Hymans urge generally that the amount sued for was not owed; that payments were made but not credited; that some amount of interest was charged which was not due; that the amount of the notes was calculated by mistake and does not reflect the true obligation; that as of 1971 the indebtedness was only $32,500; that a sum of $22,000 had been paid; and that the remaining $10,500 was represented by the $11,000 note as to which an agreement existed that only the Ben Hyman Co. would be liable.

It is at once apparent from each of these allegations, whether appearing in the answer, the depositions or in their affidavit, that the Hymans have made mere conclusory statements. There is no evidentiary basis for any of the statements. Opposed to their conclusions are the two notes, upon which suit was filed, which show an unconditional promise to pay. The deposition of Mrs. Horwitz and the affidavit of the accountant contend that there was no promise or understanding that the indebtedness would be the sole liability of the Ben Hyman Co. Detailed evidence was offered to show an indebtedness that was in existence from 1965 forward and that an indebtedness in the amount of the sum prayed for remained unpaid. The Hymans admitted the genuineness of the notes and that some amount of indebtedness still remained, though they contend that it was the debt of the

Ben Hyman Co. rather than their personal undertaking.

Looking specifically to the arguments advanced by the Hymans, we conclude as to the first that the unconditional promise to pay contained in the two promissory notes may not be modified by the imposition of conditions not apparent on the face of the notes. Code Ann. § 38-501; *Lee v. Garland,* 208 Ga. 251 (66 SE2d 223); *Sosebee v. Atha,* 140 Ga. App. 555 (231 SE2d 381). The so-called "family matter" argument advanced by the appellants does not constitute a legally sufficient allegation of fraud, accident or mistake. As to the remaining conclusions advanced by the Hymans, it is clearly the law that answers, depositions or affidavits containing mere legal conclusions and allegations present no issues of fact on a motion for summary judgment. An affidavit in contravention of a motion for summary judgment must state more than mere conclusions; it must state specific adverse facts. A party opposing a motion for summary judgment where the moving party has presented evidence of the necessary servitude, must, in his opposing affidavits, set forth specific facts showing a genuine issue to be decided by a jury. Sec. 56(e) of the Civil Practice Act (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; Code Ann. § 81A-156 (e)). See *Strickland v. C & S Nat. Bank,* 137 Ga. App. 538, 540 (2) (224 SE2d 504); *Lake v. Hamilton Bank of Dalton,* 137 Ga. App. 600, 602 (224 SE2d 522). The Hymans failed in their first argument to show the existence of any material issues of fact for resolution by a jury.

In the second argument, the Hymans contend that there was a mistake in the amount owing and therefore as to the validity of the two promissory notes. Assuming that there may have been a mistake of fact, it is clear that it was unilateral in nature. The appellees presented clear and compelling evidence of a specific indebtedness. The notes were prepared by the Ben Hyman Co. and guaranteed by its principal owner and secretary, Mr. and Mrs. Hyman. If there was a mistake, then appellants are faced with the proposition that a party may not defend on grounds of mistake of fact where it appears the mistake was the result of that party's own negligence. A defense of mistake of fact is not available to one who relies on a

unilateral mistake, especially where the mistake, if there is one, is caused by the party's own negligence. *Ameagle Contractors v. Va. Supply &c. Co.,* 144 Ga. App. 477, 478 (1) (241 SE2d 594); *Granite Mgt. Services v. Usry,* 130 Ga. App. 667 (204 SE2d 362); *D. H. Overmeyer Co. v. Joe Summers Roofing Co.,* 120 Ga. App. 188 (169 SE2d 821). Based upon the foregoing, the trial court did not err in granting summary judgment to the Horwitzes and the Goldsteins, or in entering judgment on their behalf.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

ARGUED OCTOBER 31, 1978 —— DECIDED JANUARY 9, 1979.

*Levine & D'Alessio, Morton P. Levine,* for appellants.
*Cotton, Katz, White & Palmer, Richard A. Katz,* for appellees.