58398. BERRY v. ATLAS METALS, INC.

QUILLIAN, Presiding Judge.
The instant appeal is from the grant of a partial summary judgment in an action on a promissory note executed by the defendant Berry to the plaintiff Atlas

Metals. Berry was a shareholder in, employee and agent of, three separate corporations — Berry Account Systems, Eagle Mint, and Eagle Silver Mining. All three corporations did business with the plaintiff Atlas. This action is based upon a promissory note executed on September 2, 1976 by Berry at the request of Mr. Barashick — an officer of Atlas. The note was to be used as collateral on the open account of Eagle Mining with Atlas. Berry admits his signature and the execution of the note but entered several defenses, inter alia: "duress," "Failure of consideration," "mutual mistake," and "payment." The trial court granted plaintiff's motions for summary judgment on defendant's defenses of "duress," "failure of consideration" and "payment," but reserved for trial the "alleged payments" raised in defendant's responses to plaintiff's interrogatories — payments allegedly made on June 6, 1977 and March 21, 1978 — after the execution of the promissory note. Defendant appeals the trial court's grant of partial summary judgment for plaintiff on his defenses of "payment and failure of consideration," and the court's ruling limiting evidence to be adduced at trial only to payment received since the execution of the note. *Held:*

1. The second enumeration of error is not argued in the brief and is considered abandoned. Rule 15 (c) (2) (Code Ann. § 24-3615 (c) (2)).

2. Defendant contends that he did not owe Atlas any amount and Atlas owed him approximately $11,772.35. Thus, he argues that there was a "mutual mistake" of the parties in executing the note to Atlas for $4,782.01. He stated that he was coerced into such execution because he was going into the hospital and he had earlier given Atlas an $8,000 check and a $2,200 check which were returned to Atlas for lack of sufficient funds. He had made good on the $8,000 check but had not paid the $2,200 check. He stated that he had been threatened with jail and advised Mr. Barashick that he would "be happy to sign a promissory note for Eagle Silver Mining . . . in settlement of [the] account of Eagle Silver Mining."

Berry contends that Barashick was to keep records of their business dealings and to furnish him with copies. Barashick was not asked whether this was correct but did

state that in the precious metal business "traditionally activities took place without paperwork passing hands." Berry admitted he did not keep a ledger, but took what records he had in 1975 and tried to "find out where we were at with him." "A compilation was made by [Berry]" *after* this action was filed. It was from this latest compilation that he reached the conclusion that Atlas owed him money rather than him owing Atlas.

As to the defendant's defense of "failure of consideration," our Code provides: "Want or failure of consideration is a defense . . . except that no consideration is necessary for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." Code Ann. § 109A-3—408 (UCC § 109A-3—408; Ga. L. 1962, pp. 156, 260). Accordingly, as further consideration was unnecessary for the note given on the antecedent debt, Berry's defense of failure of consideration was meritless. *Doyal v. Ben O'Callaghan Co.,* 132 Ga. App. 336 (1) (208 SE2d 136); 2 Anderson, Uniform Commercial Code 958-959, § 3-408:6; see also *Massey v. Electrical Wholesalers, Inc.,* 137 Ga. App. 829 (1, 2) (224 SE2d 811).

Furthermore, "[t]he execution of a note in payment of an account operates to cut off all defenses to the account of which the maker then had knowledge . . . [where] [i]t is clear from the record . . . that the appellant knew or should have known" the operative facts upon which the note was based. *Ameagle Contractors v. Va. Supply &c. Co.,* 144 Ga. App. 477 (1) (241 SE2d 594). Accord, *National Duck Mills v. Catlin & Co.,* 10 Ga. App. 240 (3) (73 SE 418); *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124 (3) (192 SE2d 513); *Massey v. Electrical Wholesalers, Inc.* 137 Ga. App. 829 (2), supra.

Looking to the second prong of defendant's argument — mistake as to the amount owing at the time of execution of the note, "it is clear that it was unilateral in nature . . . If there was a mistake, then appellants are faced with the proposition that a party may not defend on grounds of mistake of fact where it appears the mistake was the result of that party's own negligence. A defense of mistake of fact is not available to one who relies on a unilateral mistake, especially where the mistake, if there is one, is

caused by the party's own negligence. *Ameagle Contractors v. Va. Supply &c. Co.,* 144 Ga. App. 477, 478 (1) (241 SE2d 594); *Granite Mgt. Services v. Usry,* 130 Ga. App. 667 (204 SE2d 362); *D. H. Overmeyer Co. v. Joe Summers Roofing Co.,* 120 Ga. App. 188 (169 SE2d 821)." *Hyman v. Horwitz,* 148 Ga. App. 647, 649-650 (252 SE2d 74). The defendant stated that he did not maintain a ledger of the business transactions but had to reconstruct the account after this action was filed. His neglect in failing to keep a record and to inform himself of the status of the account before executing the promissory note is directly attributable to his own fault and may not now be asserted as a viable defense.

3. The trial court's grant of the motion for summary judgment on the issue of "payment" is only a partial grant as the trial court has reserved for trial the issue of the alleged payments subsequent to the execution of the note as the prior defenses were cut off by the execution of the note. *Ameagle Contractors v. Va. Supply &c. Co.,* 144 Ga. App. 477 (1), supra. "Ordinarily, the introduction of a note in evidence establishes a prima facie case which cannot be rebutted by parol evidence ." *Sosebee v. Atha,* 140 Ga. App 555 (3) (231 SE2d 381). For, where as here, two contracting parties deal at arms length with one another, and a written instrument is entered into and signed, and there is no evidence of artifice or fraud, and each party had ample opportunity to inform himself as to the amounts claimed due, and a party negligently omitted to take such precautions as would reasonably serve to protect himself, the defense of mistake of fact, if there is one — is obviously caused by the party's own neglect and is not available as a defense. See Code Ann. § 37-116 (Code § 37-116); Code Ann. § 37-211 (Code § 37-211); *D. H. Overmeyer Co. v. Joe Summers Roofing Co.,* 120 Ga. App. 188, 189, supra; *Granite Mgt. Services v. Usry,* 130 Ga. App. 667, 668, supra.

*Judgment affirmed. Smith and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 11, 1979 — DECIDED OCTOBER 19, 1979 — REHEARING DENIED NOVEMBER 21, 1979 — ▋

*Hugh Nations,* for appellant.
*Richard T. deMayo,* for appellee.