61061. DEEP SOUTH SERVICES, INC. et al. v. WADE.

McMURRAY, Presiding Judge.

This case involves a suit on a note and guaranty of payment against the maker of the note and the guarantors thereunder brought by the plaintiff as assignee of the note as nominee under a nominee agreement by and between the nominee and several other individuals.

The defendants (a corporation and individuals) answered separately, in general, denying the claim alleging a failure of consideration in that the indebtedness arose out of an open account debt by the defendant corporation which was "partly owned" by the plaintiff who was in the process of selling the corporate business to which the note was made, and the defendant corporation refused to sign the note as well as did the guarantors unless the plaintiff obtained normal credit terms for the defendant corporation from the holder of the note so that it could continue to purchase badly needed electrical supplies and equipment from the holder of the note. In order to induce the defendants to sign the note and guaranty the plaintiff agreed to insure that credit would be extended on the same arrangements, that is, on a current payment basis. However, after the note and guaranty were executed the holder refused to sell further supplies unless a different accounting method was used for payment. As a result of the default the defendants were damaged and were rendered unable to pay the note. Thus there was a total failure of consideration for the note and a total failure of consideration for the personal guaranty of the individual defendants who would not have personally guaranteed the note unless plaintiff obtained normal credit terms for the corporate defendant which he failed to do. The individual defendants also added defenses of discharge as sureties; the plaintiff is not the real party at interest, and a denial that they owe anything under the personal guarantees, admitting, however, that they had executed and signed the personal guarantees.

The plaintiff filed a motion for summary judgment, attaching

his affidavit with reference to the business records of the two businesses involved, that the signatures on the note and the guaranty were authorized and genuine, true and correct copies of the note and guaranty of payment, that he was the nominee under a nominee agreement, and that the note and guaranty were duly assigned to him in the amounts owed under the installment note and guaranty of payment. One of the guarantor defendants has executed and filed his affidavit in opposition to plaintiff's motion for summary judgment that he was a corporate officer, director and employee of the defendant corporation, was intimately familiar with the electrical supply business in which all the parties were engaged and deposed as to the further agreement whereby the plaintiff agreed that the payment of accounts would continue so as to guarantee an uninterrupted flow of materials to jobs in progress. Affiant contends therein that the holder of the assigned note had changed its methods of payment, thus causing serious delays and damages to the defendant corporation, and caused it to be unable to meet its contractual arrangements with reference to jobs in progress. The motion for summary judgment was granted after a hearing. The defendants appeal. *Held:*

1. As to the defendant corporation this case is controlled adversely to it by reason of Code Ann. § 109A-3—408 (Ga. L. 1962, pp. 156, 260) with reference to want or failure of consideration as a defense. See also *Berry v. Atlas Metals, Inc.,* 152 Ga. App. 437, 439 (2) (263 SE2d 179). The note was executed in payment of an outstanding open account. Hence no further consideration was necessary for the note given on the antecedent debt. Under the facts in the case sub judice and as was held in *Berry v. Atlas Metals,* 152 Ga. App. 437, at page 439, supra, the defense of failure of consideration is meritless. See also *Doyal v. Ben O'Callaghan Co.,* 132 Ga. App. 336, 337 (1) (208 SE2d 136); *Massey v. Electrical Wholesalers,* 137 Ga. App. 829 (1, 2) (224 SE2d 811). At page 439 of the *Berry* case we also find that the execution of a note in payment of an account operates to cut off all defenses to the account of which the maker then had knowledge upon which the note was based. See *Ameagle Contractors v. Va. Supply & Well Co.,* 144 Ga. App. 477 (1) (241 SE2d 594); *National Duck Mills v. Catlin & Co.,* 10 Ga. App. 240 (3) (73 SE 418); *Coast Scopitone, Inc. v. Self,* 127 Ga. App. 124, 127 (3) (192 SE2d 513).

2. However, the guarantor defendants contend that the language "[f]or value received" in the guaranty contract authorized them to present a defense of want or failure of consideration in that the value they received here was destroyed when the revolving credit arrangement was discontinued as to the corporation. Code Ann. § 109A-3—408, supra, states clearly that "no consideration is necessary

for an instrument or obligation thereon given in payment of or as security for an antecedent obligation of any kind." The guaranty was offered in security of the note to the defendant corporation. As stated in *Berry v. Atlas Metals,* 152 Ga. App. 437, 439, supra, no further consideration was necessary for the note given as to the antecedent open account; hence the guarantor defendants' defense of failure of consideration as security for the antecedent obligation is completely meritless for the same reasons as cited in Division 1. See also in this connection A. M. Castle & Co. v. Bagley, 24 Utah 2d 136(467 P2d 408), wherein a third party is held liable where the antecedent debt in question is the debt of another party. It was there held that no consideration for the note was necessary to establish a valid obligation between the parties where the note was given as a security for an antecedent obligation of another.

3. The individual defendants next insist that they were discharged from their liability under the guaranty agreement because the holder of the note (now assigned to the plaintiff) had increased the risk that the principal debtor (the defendant corporation) would default on the underlying obligation, citing *Dunlap v. C. & S. DeKalb Bank,* 134 Ga. App. 893, 895 (1) (2) (3) (216 SE2d 651); and *Palmes v. Southern Mechanical Co.,* 117 Ga. App. 672, 673 (161 SE2d 413), with reference to the defense of increase of risks as a long established defense in both surety and guaranty loans. Defendants base their claim on Code Ann. § 109A-3—606 (Ga. L. 1962, pp. 156, 278). Here the principal debtor has been sued along with the individual guarantor defendants, and their right of recourse has not been impaired because the plaintiff's action in seeking to collect the debt on the note has impaired the principal debtor's ability to repay the indebtedness.

4. The past consideration here for the note was executed to embody the open account debt of the defendant corporation as is admitted in the defendants' brief and that "it would serve to render the *note* enforceable," citing Code Ann. § 109A-3—408 and *Doyal v. Ben O'Callaghan Co.,* 132 Ga. App. 336 (1), supra; but the defense offered by the defendants (in particular the individual guarantor defendants) that there was further consideration "to extend credit on open account 'current' terms," does not prevent judgment here on the indebtedness which is past due and unpaid. Such further consideration is unnecessary for the note given on the antecedent debt. Consequently, the trial court did not err in granting summary judgment.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 20, 1981 —

REHEARING DENIED APRIL 1, 1981.

*Stanley C. Coker,* for appellants.
*H. William Cohen,* for appellee.