### 38035. HEAD v. HOOK.

CLARKE, Justice.

Former husband (appellant) appeals from the ruling of the trial court in his action for declaratory judgment concerning the effect of the remarriage of former wife (appellee) upon her right to receive certain payments under the terms of the separation agreement made part of the final judgment and decree of divorce. The paragraph of the agreement which is in dispute provides as follows:

"4. Party of the First Part shall pay to Party of the Second Part until her death fifty percent (50%) of the net income that he shall receive from the 'Abercorn Venture' so long as he has an interest in the same. The payments shall begin after the borrowed capital now outstanding and presently to be borrowed has been repaid in full. On the death of Party of the Second Part, the net payment shall be divided equally between Theresa Marie Head and Laura Anne Head, their heirs and assigns. Should Party of the First Part sell his interest in said 'Abercorn Venture', he shall pay to Party of the Second Part Fifty percent (50%) of the net proceeds of such sale." The trial court held that under Code Ann. § 30-201 the payments to appellee were alimony. The court held, however, that these payments did not terminate upon remarriage under the provisions of Code Ann. § 30-209 because the court found that the parties intended that termination occur only upon appellee's death. Appellant insists that Code Ann. § 30-209 requires that alimony cease upon remarriage unless the agreement expressly provides otherwise.[1] We need not address this question, however, in that we find that the paragraph in question provides for a division of property to which § 30-209 does not apply.

---

[1] Code Ann. § 30-209 provides: "All obligations for permanent alimony to a party, whether created by contract, verdict, judgment, or decree, the time for performance of which has not arrived, shall cease upon remarriage of the party to whom such obligations are owed unless otherwise provided."

We arrive at the conclusion that the provision in question concerns property division by a construction of the agreement as a whole. The cardinal rule of construction of contracts is to ascertain the intention of the parties. This intention must be enforced unless it contravenes some rule of law. Code Ann. § 20-702. As indicated by the introductory paragraphs to the agreement, the agreement is intended to settle questions of custody and support of the minor children, division of property, and settlement of debts. Nowhere in the agreement is alimony or support for the wife mentioned. The only provision which might be construed as relating to alimony is that concerning certain insurance which is not involved in this appeal. The paragraph immediately preceding the paragraph in question, in detailing the husband's obligation to purchase an equity in a house and lot for wife, specifically denominated this as "part of the division of property" between the parties. The paragraph in question here simply provides for the assignment of a portion of the income to be derived from an investment. The provision for division of the proceeds in the event of a sale adds weight to this conclusion.

We find that the intent of the parties was that the parties divide their property but that the wife receive no alimony. We hold, therefore, that the receipt by appellee of half the proceeds of the investment in question represented a division of property which is not affected by her remarriage. The judgment of the trial court, if right for any reason, must be affirmed.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 7, 1982 —
REHEARING DENIED JANUARY 27, 1982.

*Falligant & Toporek, Robert E. Falligant, Jr.,* for appellant.
*Joseph B. Bergen,* for appellee.