## 41966. HEAD v. HOOK.
(329 SE2d 145)

SMITH, Justice.

Appellant contests a declaratory judgment interpreting, for a second time, a clause in a separation agreement previously before us in *Head v. Hook,* 248 Ga. 818 (285 SE2d 718) (1982). In addition, he contests the trial court's ruling that required him to assign to appellee, his former wife, an insurance policy free of any liens or encumbrances and denied him any credit for payment of premiums on the policy. We affirm.

1. The parties first contest the meaning of the fourth paragraph of the divorce agreement, which reads, in part, "Party of the First Part [appellant] shall pay to the Party of the Second Part [appellee] until her death fifty percent (50%) of the net income that he shall receive from the 'Abercorn Venture' so long as he has an interest in the same." The parties generally agree upon the meaning of "net income." They differ only as to whether the agreement refers to appellant's net income from the partnership or appellant's share of the partnership's net income.

The trial court ruled that the agreement referred to appellant's share of the venture's net income. The court stated, in its order granting appellee summary judgment, "To hold otherwise, this Court would have to read into the agreement a specific provision for personal net income and then find a method by which such personal net income could be calculated. This the Court cannot do." We find the

trial court's ruling to be sound.

2. The next contested passage, found in the tenth paragraph, reads, "Party of the First Part [appellant] shall assign to the Party of the Second Part life insurance in the amount of $25,000." Appellant assigned to appellee a $25,000 policy burdened with a loan against the policy for premiums which had an outstanding balance of $6,445.27. Appellant also paid premiums on the policy, amounting to $3,019.45, after the assignment. He claims credit for the amount that he paid for premiums, and asserts that appellee should be responsible for the loan.

The trial court correctly ruled that the plain meaning of the agreement required appellant to furnish appellee $25,000 worth of coverage and that the policy so burdened did not provide appellee sufficient coverage. The court also ruled correctly that under the voluntary payment rule, appellant was not entitled to credit for his payment of premiums on the policy. OCGA § 13-1-13; *Ameagle Contractors, Inc. v. Virginia Supply &c. Co.*, 144 Ga. App. 477 (241 SE2d 594) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 1985.

*Falligant & Toporek, Robert E. Falligant, Jr.,* for appellant.
*Joseph B. Bergen,* for appellee.